**Ex parte Cornelius Sylvester SMITH, Jr.**

No. 05–04–00832–CR.

Court of Appeals of Texas, Dallas.

Nov. 19, 2004.

Rehearing Overruled Jan. 13, 2005.

LaDawn H. Conway, Munsch, Hardt Kopf & Harr P.C., Dallas, for Appellant.

William T. (Bill) Hill, Jr., Karen R. Wise, Asst. Dist. Atty., Dallas, for State.

Before Chief Justice THOMAS and Justices WHITTINGTON and FRANCIS.

## OPINION

Opinion by Chief Justice THOMAS.

Cornelius Sylvester Smith, Jr. was a member of the Alpha Phi Alpha fraternity at Southern Methodist University (SMU). He, along with several others, required Braylan Curry, another SMU student who was pledging Alpha Phi Alpha, to consume large quantities of water as part of Curry's initiation. As the result of drinking the large amount of water, Curry suffered convulsions and was hospitalized in intensive care. Smith has been charged by indictment with the felony offense of aggravated assault causing serious bodily injury.[1] By pretrial writ of habeas corpus, appellant challenged the district court's jurisdiction over the prosecution. Appellant claimed the charge arose out of a hazing incident, and because the hazing statute[2] is more specific, prosecution should be brought under it. Because hazing is a misdemeanor, appellant argued, the district court has no jurisdiction over the prosecution. Following a hearing, the trial court denied appellant's requested relief. We hold appellant's in pari materia claim is not cognizable by pretrial writ of habeas corpus. Therefore, we affirm the trial court's order.

■■■ Appellate courts will uphold the trial court's ruling on an application for writ of habeas corpus absent an abuse of discretion. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App.2003). Because the issues presented herein raise questions of law, we review the trial court's ruling de novo. *See id.; see also Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim.App.1999); *State v. Nkwocha*, 31 S.W.3d 817, 820 (Tex.App.-Dallas 2000, no pet.).

■■■ "The writ of habeas corpus is an extraordinary writ." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex.Crim.App.2001); *see also Headrick v. State*, 988 S.W.2d 226, 228 (Tex.Crim.App.1999). Neither trial courts nor appellate courts should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal. *Ex parte Weise*, 55 S.W.3d at 619. In determining whether an issue is cognizable by habeas, we consider a variety of factors, including whether the alleged defect would bring into question the trial court's power to proceed. *Id.* Generally, a pretrial writ of habeas corpus is not appropriate when resolution of the question, even when resolved in favor of the applicant, would not result in immediate release. *See Headrick*, 988 S.W.2d at 228. *But see Ex parte Watkins*, 73 S.W.3d 264, 274–75 (Tex.Crim.App.), *cert. denied*, 537 U.S. 948, 123 S.Ct. 413, 154 L.Ed.2d 292 (2002) (pretrial habeas corpus available to address collateral estoppel claim based on double jeopardy even though resolution in favor of applicant would not result in dismissal of charges).

■■■ When there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is not generally available before trial to test the sufficiency of the complaint, information, or indictment. *Ex parte Weise*, 55 S.W.3d at 620; *Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim.App.2001). There are few exceptions to this rule, and they have generally been found only when the complaint is such that it would render the proceedings void. *See, e.g., Ex parte Matthews*, 873 S.W.2d 40 (Tex.Crim.App.1994) (pretrial habeas appropriate to challenge that face of indictment shows prosecution barred by statute of limitations); *Ex parte Boetscher*, 812

---

1. *See* TEX. PEN.CODE ANN. §§ 22.01, 22.02(a)(1) (Vernon Supp.2004–05).

2. *See* TEX. EDUC.CODE ANN. § 37.152 (Vernon 1996).

S.W.2d 600 (Tex.Crim.App.1991) (pretrial habeas available to assert claim statute unconstitutional on its face); *Ex parte Mangrum,* 564 S.W.2d 751 (Tex.Crim.App. [Panel Op.] 1978) (pretrial habeas permitted to challenge that there is no valid statute under which the prosecution may be brought, rendering the information void); *Ex parte Menefee v. State,* 561 S.W.2d 822 (Tex.Crim.App.1977) (pretrial habeas appropriate for challenge to trial court's failure to conduct examining trial after juvenile transferred to district court because it rendered indictment void); *Ex parte Trillo,* 540 S.W.2d 728 (Tex.Crim. App.1976) (habeas corpus allowed where probationer challenged trial court's non-compliance with statutory time requirement for conducting hearing on motion to revoke), *overruled on other grounds by Aguilar v. State,* 621 S.W.2d 781 (Tex. Crim.App.1981); *Ex parte Becker,* 459 S.W.2d 442 (Tex.Crim.App.1970) (pretrial habeas permitted to raise challenge that composition of grand jury illegal, rendering indictment void).

Appellant asserts that his in pari materia claim is cognizable by pretrial writ of habeas corpus because, if successful, the district court would be divested of jurisdiction over his prosecution. We disagree.

In this case, there is a valid statute under which the aggravated assault prosecution is being brought. Appellant does not raise a challenge that would render his prosecution void. He does not assert the aggravated assault statute is unconstitutional on its face or that the prosecution is barred by the statute of limitations. Nor does appellant contend there was any irregularity in the grand jury proceedings or any other irregularity that would render the indictment void. Rather, appellant is challenging the State's decision as to which statute it will use to prosecute appellant. Appellant's in pari materia claim, if suc-

cessful, will not result in his immediate release. If convicted of aggravated assault, appellant has an adequate remedy on appeal to challenge the denial of his in pari materia claim. *See, e.g., Burke v. State,* 28 S.W.3d 545 (Tex.Crim.App.2000) (addressing merits of in pari materia claim on appeal following conviction); *Segura v. State,* 100 S.W.3d 652 (Tex.App.-Dallas 2003, no pet.) (same). *But see Ex parte Smith,* 849 S.W.2d 832 (Tex.App.-Amarillo 1992, no pet.) (addressing merits of in pari materia claim raised by pretrial writ of habeas corpus but not addressing whether the claim is cognizable).

We hold that appellant's in pari materia claim is not cognizable by pretrial writ of habeas corpus. Therefore, we affirm the trial court's order.