# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00661-CR

**The State of Texas, Appellant**

**v.**

**Carol Wiesman, Appellee**

## NO. 03-07-00662-CR

**The State of Texas, Appellant**

**v.**

**Donna Iverson, Appellee**

## NO. 03-07-00663-CR

**The State of Texas, Appellant**

**v.**

**Timothy Carney, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NOS. D-1-DC-06-900135, D-1-DC-06-900136 & D-1-DC-06-900383
HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

---

## O P I N I O N

The State appeals the district court's orders quashing the indictments pending against appellees Carol Wiesman, Donna Iverson, and Timothy Carney in these causes. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2008). The indictments accuse the appellees of securing by deception the execution of documents, specifically workers' compensation insurance policies, having a value of $200,000 or more. *See* Tex. Penal Code Ann. § 32.46(a)(1), (b)(7) (West Supp. 2008). The trial court quashed the indictments on the appellees' motion after concluding that, under the in pari materia doctrine, the prosecutions must be brought under the labor code provision criminalizing fraud in obtaining workers' compensation insurance. *See* Tex. Lab. Code Ann. § 418.002(a) (West 2006). We reverse the district court's orders and remand the causes for further proceedings.

## INDICTMENTS

Wiesman is the defendant in cause number D-1-DC-06-900135. Count one, paragraph one of the indictment alleges that pursuant to one scheme and continuing course of conduct that began on or about April 11, 2003, and continued to on or about January 4, 2005, Wiesman:

> did then and there with intent to defraud and harm the Texas Mutual Insurance Company, by deception create and confirm by words and conduct a false impression of fact, to wit: the said Carol Wiesman, in the course of seeking and maintaining workers' compensation insurance, caused to be stated that C & D Business Services, Inc. had only one full-time employee and a total of 21 part-time employees, not believing it to be true, that was likely to affect the judgment of the said Texas Mutual Insurance Company in the transaction, which deception caused the Texas Mutual Insurance Company to sign and execute documents affecting its property, service and

2

pecuniary interest, where the value of the property, service or pecuniary interest was $200,000 or more, and said documents are of the tenor following: [1]

Count one contains three additional paragraphs that are identical to paragraph one except for the deceptive act alleged; paragraph two alleges that Wiesman "caused to be stated that the estimated annual payroll for C & D Business Services, Inc. was a total of $225,000, not believing it to be true"; paragraph three alleges that Wiesman "caused to be stated there were no bankruptcies or tax liens within the last five years, not believing it to be true"; and paragraph four alleges that Wiesman "caused to be stated that none of the applicants, its owners or its controlling management, commonly owned, managed, or controlled any other business with[in] the past twelve months, not believing it to be true."

Count two of the indictment in cause number D-1-DC-06-900135 contains six paragraphs substantially similar to those in count one. Each paragraph alleges a scheme or continuing course of conduct that began on or about December 15, 2004, and continued to on or about March 31, 2006, during which Wiesman: "caused to be stated there was no interchange of labor with any other business/subsidiary, not believing it to be true" (paragraph one); "caused to be stated that C & D Services, Inc. had 50 full time employees, not believing it to be true" (paragraph two); "caused to be stated that C & D Services, Inc. only had employees in class code 2881 (mattress assembly), not believing it to be true" (paragraph three); "caused to be stated that no prior coverage had been declined, cancelled or non-renewed, not believing it to be true" (paragraph four); "caused

---

[1] Attached to the indictment are copies of three workers' compensation insurance policies issued by Texas Mutual in which the named insured is C & D Business Services or C & D Services. Copies of these policies are also attached to the indictments in the other two causes.

3

to be stated there were no prior bankruptcies or tax liens, not believing it to be true" (paragraph five); and "caused to be stated there were no prior workers' compensation claims/losses incurred, not believing it to be true" (paragraph six).

Except for the defendant's name, the indictment against Iverson in cause number D-1-DC-06-900136 is identical to the indictment filed against Wiesman. The indictment against Carney in cause number D-1-DC-06-900383 contains a single count that is, except for the defendant's name, identical to the second count of the indictments filed against Wiesman and Iverson.

**MOTION TO QUASH AND RULING**

The parties agree that the indictments allege violations of penal code section 32.46(a)(1), which provides:

> (a) A person commits an offense if, with intent to defraud or harm any person, he, by deception:
>
> > (1) causes another to sign or execute any document affecting property or service or the pecuniary interest of any person.

Tex. Penal Code Ann. § 32.46(a)(1). Because the value of the property, service, or pecuniary interest was alleged to be $200,000 or more, each paragraph of the indictments alleges a first degree felony. *Id*. § 32.46(b)(7).

Wiesman filed a motion to quash the indictment in cause number D-1-DC-06-900135 urging that the conduct alleged in the indictment may not be prosecuted under section 32.46, but must instead be prosecuted pursuant to labor code section 418.002(a), which provides:

4

(a) A person commits an offense if the person, with the intent to obtain workers' compensation insurance coverage under the workers' compensation insurance laws of this state or to avoid payment of premiums due for that coverage, for himself or another, knowingly or intentionally:

    (1) makes a false statement;

    (2) misrepresents or conceals a material fact; or

    (3) makes a false entry in, fabricates, alters, conceals, or destroys a document other than a governmental record.

Tex. Lab. Code Ann. § 418.002(a). A violation of this statute is a class A misdemeanor if the amount of premium avoided is less than $1,500 and a state jail felony if the amount of premium avoided is $1,500 or more. *Id*. § 418.002(b). Iverson and Carney subsequently joined Wiesman's motion with the trial court's permission.

By their motion, the appellees contended that sections 32.46 and 418.002 are in pari materia, that is, they have the same general object or purpose. The appellees argued that the statutes cannot be reconciled because of the differences in punishment and that section 418.002, being the more specific statute, must prevail. The court agreed with these arguments and ordered the indictments quashed, concluding that the two statutes are in irreconcilable conflict and that prosecution of the appellees pursuant to section 32.46 would violate their constitutional and statutory rights. The State appealed each order. We consolidated the three appeals for submission and decision.

No evidence was offered by either party at the hearing below. The district court's ruling was based on the indictments, the motion to quash and the State's response, and the arguments of counsel at the hearing. Because we are presented with a question of law that does not turn on an

5

evaluation of the credibility and demeanor of a witness, we conduct a de novo review of the trial court's ruling. *See Hollin v. State*, 227 S.W.3d 117, 120-21 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

### WAS THE MOTION PREMATURE?

In its fourth point of error, the State urges that the motion to quash is not ripe for consideration prior to trial because the State has not had an opportunity to develop a complete record. The State bases this argument on the recent opinions in *Ex parte Smith*, 185 S.W.3d 887 (Tex. Crim. App. 2006), and *Azeez v. State*, 248 S.W.3d 182 (Tex. Crim. App. 2008).

In *Smith*, the defendant sought, by means of a pretrial writ of habeas corpus, to prevent his prosecution for aggravated assault on the ground that, under the in pari materia doctrine, he could be prosecuted only for hazing, a misdemeanor. 185 S.W.3d at 889. At a hearing in the trial court, evidence was presented indicating that the injury to the complainant was the result of a fraternity hazing incident. *Id*. Nevertheless, the trial court denied relief, and the defendant appealed. *Id*. at 892. The court of appeals affirmed, holding that an in pari materia claim is not cognizable by pretrial writ of habeas corpus. *Id*. (citing and quoting *Ex parte Smith*, 152 S.W.3d 170, 172 (Tex. App.—Dallas 2004)). The court of criminal appeals agreed, noting that the indictment at issue was valid on its face, the defendant had an adequate remedy by appeal, and "[m]ore importantly," the claim was not ripe for review. *Id*. at 893. The court wrote that "it [is] apparent from the . . . [hearing] record . . . that the State has more evidence to present about which we can only speculate." *Id*. The court stated that "[a]n appellate decision on the *in pari materia* claim would be premature

6

before the State has had an opportunity to develop a complete factual record during a trial" and would constitute an improper advisory opinion. *Id*.

In *Azeez*, the defendant sought to quash a complaint accusing him of failing to appear, arguing that he should instead be prosecuted under a more specific transportation code offense criminalizing the failure to appear after being cited for a traffic violation. 248 S.W.3d at 185. The court of criminal appeals, after discussing its holding in *Smith*, referred to the defendant's pretrial motion to quash as "premature." *Id*. at 193-94. The court noted that "the complaint itself was unobjectionable" and that it "alleged a failure to appear *apparently* under the terms of the Penal Code provision." The court went on, "It was only after the State's evidence disclosed that the case involved the failure to appear under the terms of a speeding citation that a basis for the appellant's *in pari materia* challenge became manifest." *Id*. at 194. The court concluded that the defendant had preserved his in pari materia claim by filing motions for a directed verdict and a new trial.

The holding in *Smith* that an in pari materia claim is not cognizable in a pretrial habeas corpus proceeding does not apply to the causes now before us, which are not habeas corpus proceedings. Moreover, neither *Smith* nor *Azeez* expressly holds, and we do not understand them to implicitly hold, that an in pari materia claim may *never* be raised prior to trial. The critical factor in both of those cases, we believe, is that the charging instrument did not, on its face, raise the in pari materia issue. The assault indictment in *Smith* did not allege any facts indicating that hazing was involved. 185 S.W.3d at 888. The complaint in *Azeez*, as the court of criminal appeals was careful to point out, did not allege any facts indicating that the defendant had failed to appear pursuant to a traffic citation. 248 S.W.3d at 194. In both cases, the in pari materia claims were not

7

based on the allegations in the charging instruments themselves, but on assertions of fact that were essentially hypothetical. *See Smith*, 185 S.W.3d at 893. In the causes now before us, on the other hand, the indictments plainly allege that the appellees made false statements in order to obtain workers' compensation insurance policies, a fact the State will necessarily have to prove in order to secure a conviction. Because the factual basis for the appellees' in pari materia claim is apparent on the face of the indictments, we conclude that the claim is not premature and was properly raised by the motion to quash. The State's fourth point of error is overruled.

### ARE THE STATUTES IN PARI MATERIA?

The doctrine of in pari materia is a principle of statutory interpretation, a means of giving full effect to legislative intent. *Mills v. State*, 722 S.W.2d 411, 413 (Tex. Crim. App. 1986). Under this doctrine, statutes that deal with the same general subject, have the same general purpose, or relate to the same person, thing, or class are considered to be in pari materia even if they contain no reference to each other or were passed at different times or at different sessions of the legislature. *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988). The doctrine applies, for example, when one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. *Id*. Statutes found to be in pari materia are construed together and, if possible, conflicts between the statutes are harmonized. *Id*. at 127. In the case of an irreconcilable conflict, the specific statute controls over the more general statute. *Id*. The doctrine has been codified in the Code Construction Act:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Tex. Gov't Code Ann. § 311.026 (West 2005); *see Azeez*, 248 S.W.3d at 192 (stating that section 311.026 codifies in pari materia doctrine). A defendant has a due process and due course of law right to be prosecuted under a special statute that is in pari materia with a broader statute when the statutes irreconcilably conflict, as they do when the special statute provides for a lesser punishment. *Mills*, 722 S.W.2d at 414.

Similarity of purpose or object is the most important factor in assessing whether two statutes are in pari materia. *Burke v. State*, 28 S.W.3d 545, 547 (Tex. Crim. App. 2000); *Alejos v. State*, 555 S.W.2d 444, 450 (Tex. Crim. App. 1977) (op. on reh'g). The statutes must be closely enough related to justify interpreting one in the light of the other. *Burke*, 28 S.W.3d at 547 (quoting *Alejos*, 555 S.W.2d at 450). Where one penal statute broadly defines an offense and a second penal statute has more narrowly hewn another offense, complete within itself, to proscribe conduct that would otherwise meet every element of and be punishable under the broader provision, the two statutes are in pari materia. *Azeez*, 248 S.W.3d at 192 (quoting *Mills*, 722 S.W.2d at 414).

### *Legislative History*

Although two statutes need not have been adopted as part of a single legislative act to be considered in pari materia, the fact that they were may serve as some indication that the statutes were intended to have a common object or purpose. *See Burke*, 28 S.W.3d at 547 (quoting

9

*Alejos*, 555 S.W.2d at 449). The parties agree that sections 32.46 and 418.002 have no common legislative history.

Section 32.46, prohibiting deception in the execution of a document, was included in the current penal code at its adoption, although it has since been amended. *See* Penal Code, 63d Leg., R.S., ch. 399. § 1, sec. 32.46, 1973 Tex. Gen. Laws 883, 941. In 1991, the legislature adopted penal code section 32.54, which prohibited fraud in obtaining workers' compensation insurance in terms substantially identical to those now found in the labor code. *See* Act of Aug. 25, 1991, 72d Leg., 2d C.S., ch. 12, § 18.20, 1991 Tex. Gen. Laws 252, 361. Section 32.54 was repealed at the next legislative session when the penal code was extensively revised. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3655. Labor code section 418.002 was adopted two years later as part of the legislation continuing the Texas Workers' Compensation Commission. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 980, § 1.47, 1995 Tex. Gen. Laws 4912, 4925. Neither party refers us to any authoritative explanation for why three successive legislatures saw fit to adopt, then repeal, and then re-adopt a statute prohibiting fraud in obtaining workers' compensation insurance. More importantly, neither party cites any persuasive evidence that these actions were taken with the understanding that this prohibition either was or was not a special provision carved out of the more general anti-fraud provision found in penal code section 32.46.

The appellees do, however, draw our attention to labor code section 418.003, enacted in 2007, providing that a person who commits an offense under chapter 418 may be prosecuted under that chapter or under any other applicable law. Tex. Lab. Code Ann. § 418.003 (West Supp. 2008). The appellees cite bill analyses indicating that the purpose of section 418.003 was to give

10

prosecutors the option of prosecuting workers' compensation fraud under the penal code rather than under the labor code. *See* House Comm. on Business & Industry, Bill Analysis, Tex. S.B. 1627, 80th Leg., R.S. (2007); House Research Organization, Bill Analysis, S.B. 1627, 80th Leg., R.S. (2007). A reading of the analysis by the House Research Organization reveals, however, that the penal code provisions referred to are those found in chapter 35, governing insurance fraud. *See* Tex. Penal Code Ann. §§ 35.01-04 (West 2003 & Supp. 2008). The enactment of section 418.003 may be evidence that section 418.002 proscribes a more specific form of insurance fraud otherwise punishable under penal code chapter 35, but it sheds no light on the relationship, if any, between section 418.002 and penal code section 32.46.

### *Common Elements*

Another factor that may be considered in determining whether two statutes are in pari materia is whether they have different elements of proof. *Burke*, 28 S.W.3d at 547 (quoting *Alejos*, 555 S.W.2d at 449). Stated another way, does the narrower statute proscribe conduct that would otherwise meet every element of and be punishable under the broader provision? *See Azeez*, 248 S.W.3d at 192 (quoting *Mills*, 722 S.W.2d at 414).

A comparison of penal code section 32.46(a)(1) and labor code section 418.002(a) shows that a critical element of the former statute is not found in the latter. Section 32.46 prohibits the use of deception, broadly defined, to fraudulently induce another to sign or execute any document affecting the property, service, or pecuniary interest of any person. Tex. Penal Code Ann. § 32.46(a)(1), (d); *see also id*. § 31.01(1) (West Supp. 2008) (defining "deception"). Although the gravamen of the offense is the deception, the offense is not complete unless and until the person

11

deceived signs or executes the document in question. Labor code section 418.002(a) prohibits making false or misleading statements, and concealing or destroying material facts and documents, with the intent to obtain workers' compensation coverage or to avoid payment of premiums for that coverage. Tex. Lab. Code Ann. § 418.002(a). There is no requirement that a workers' compensation insurance policy issue as a result of the false statement. Instead, the offense is complete when the false statement is made with the requisite intent. Thus, even though making a false statement on an application for workers' compensation coverage may be a form of deception, and the intent to obtain coverage or avoid payment may be specific forms of fraudulent intent, section 418.002(a) does not proscribe conduct that would otherwise meet every element of and be punishable under section 32.46(a)(1).

The appellees challenge this reading of section 418.002. They point to subsection (b), which provides that an offense under this section is either a class A misdemeanor or a state jail felony depending on the amount of premium avoided. They argue that unless a workers' compensation insurance policy is issued, there can be no premium avoided. They urge that the statute must be read to require the issuance of a policy before the offense is complete. We find this proposed interpretation of section 418.002 to be not only contrary to the clear language of the statute, but unnecessary to a reasonable interpretation of it. If an applicant's false or misleading statements are discovered and no policy issues, the amount of premium avoided is $0, which is less than $1,500, and the offense is a class A misdemeanor.

*Purpose and Objectives*

Although both penal code section 32.46(a)(1) and labor code section 418.002(a) criminalize deceptive conduct, the statutes differ significantly in their purposes and objectives. As part of a chapter defining fraud offenses, penal code section 32.46(a)(1) prohibits the fraudulent use of a broad variety of deceptive practices to induce a person to sign or execute any document affecting the property, service, or pecuniary interest of any person, who may or may not be the person deceived. The statute thus serves to protect the integrity of documentary transactions by punishing those who use such transactions to defraud or harm another. Labor code section 418.002 prohibits false statements or misrepresentations of fact in applications for workers' compensation insurance as part of the broader Texas Workers' Compensation Act. By punishing those who fraudulently apply for workers' compensation insurance, the statute serves to protect the solvency of the workers' compensation insurance system.

We conclude that penal code section 32.46 and labor code section 418.002 do not have the same purpose or objective. Instead, they were intended to cover different situations and protect different interests. Although the same conduct may sometimes violate both statutes, this does not mean that the statutes are in pari materia. *See Lomax v. State*, 233 S.W.3d 302, 312 (Tex. Crim. App. 2007).

## CONCLUSION

We sustain the State's first point of error urging that the district court erred by concluding that penal code section 32.46(a)(1) and labor code section 418.002(a) are in pari materia. We also sustain the State's second point of error urging that the district court erred by concluding

that the two statutes are "general" and "special" provisions within the meaning of government code section 311.026.  Because of our disposition of these points, we need not address the State's third point of error.

The district court's orders quashing the indictments in these causes are reversed, and the causes are remanded to that court for further proceedings.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Reversed and Remanded

Filed:   November 13, 2008

Publish