

# IN THE
# TENTH COURT OF APPEALS

─────────────

## No. 10-12-00170-CR

**JAMES EVERETT SHEAR,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

─────────────

**From the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 10-03352-CRM-CCL1**

─────────────

## MEMORANDUM  OPINION

─────────────

Appellant James Everett Shear was charged with one count of boating while intoxicated and three counts of deadly conduct.  A jury found Shear not guilty of the boating-while-intoxicated count but found him guilty of the three deadly-conduct counts.  The State and Shear reached an agreement as to punishment.  The trial court followed the agreement and assessed Shear's punishment on the first deadly-conduct count at 365 days in jail probated for eighteen months and a $4,000 fine with $2,000 of the fine probated and punishment on each of the second and third deadly-conduct

counts at 365 days in jail probated for eighteen months and a $4,000 fine with $4,000 of the fine probated.  This appeal ensued.  In his sole issue, Shear contends that the trial court erred in denying his motion to dismiss and motion for new trial based on *in pari materia*.

"The doctrine of *in pari materia* is a rule of statutory construction that seeks to carry out the Legislature's intent."  *Jones v. State*, 396 S.W.3d 558, 561 (Tex. Crim. App. 2013).  Statutes are *in pari materia* when they "deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons and things."  *Id.*  The statutes' purposes are, however, the most significant factor.  *Id.*  To determine whether two statutes share a common purpose, we consider whether the two statutes (1) are contained in the same legislative act, (2) require the same elements of proof, (3) involve different penalties, and (4) were clearly written to achieve the same objective.  *Burke v. State*, 28 S.W.3d 545, 547-49 (Tex. Crim. App. 2000); *Strickland v. State*, 193 S.W.3d 662, 666 (Tex. App.—Fort Worth 2006, pet. ref'd).

"The doctrine [of *in pari materia*] arises 'where one statute deals with a subject in comprehensive terms and another [statute] deals with a portion of the same subject in a more definite way.'"  *Jones*, 396 S.W.3d at 561 (quoting *Azeez v. State*, 248 S.W.3d 182, 192 (Tex. Crim. App. 2008)).  The doctrine has been codified in section 311.026 of the Government Code:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
>
> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an

exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX. GOV'T CODE ANN. § 311.026 (West 2013). In the context of penal provisions, the Court of Criminal Appeals has determined statutes to be *in pari materia* "where one provision has broadly defined an offense, and a second has more narrowly hewn another offense, complete within itself, to proscribe conduct that would otherwise meet every element of, and hence be punishable under, the broader provision." *Jones*, 396 S.W.3d at 561 (quoting *Azeez*, 248 S.W.3d at 192) (quoting *Mills v. State*, 722 S.W.2d 411, 414 (Tex. Crim. App. 1986))). The Court of Criminal Appeals has also made clear, however, that "[t]he adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the rule." *Id.* (quoting *Alejos v. State*, 555 S.W.2d 444, 450 (Tex. Crim. App. 1977) (quoting 53 TEX. JUR. 2D, *Statutes* § 186 (1964))).

"When two statutes are *in pari materia*, the doctrine requires that the statutes be 'taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law.'" *Id.* (quoting *Azeez*, 248 S.W.3d at 192). "To that end, '[a]ny conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.'" *Id.* at 561-62 (quoting *Azeez*, 248 S.W.3d at 192). But when statutes irreconcilably conflict, "the more detailed enactment … will prevail, regardless of whether it was passed prior to or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling." *Id.*

at 562 (quoting *Azeez*, 248 S.W.3d at 192). "Further, such conflict implicates due process rights that require the State to prosecute the defendant under the special statute where two statutes are *in pari materia*." *Id.*

Section 22.05 of the Penal Code, entitled "Deadly Conduct," provides in pertinent part: "A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury." TEX. PENAL CODE ANN. § 22.05(a) (West 2011). Section 31.094 of the Parks and Wildlife Code, entitled "Reckless or Negligent Operation," provides: "No person may operate any motorboat or vessel or manipulate any water skis, aquaplane, or similar device in a wilfully or wantonly reckless or negligent manner that endangers the life, limb, or property of any person." TEX. PARKS & WILD. CODE ANN. § 31.094 (West 2002). Shear acknowledges in his brief that these statutes were not contained in the same legislative act and "have no common legislative history."

The two statutes do not require the same elements of proof. First, contrary to Shear's assertion, both offenses do not have the same culpable mental state. Penal Code section 22.05(a) requires that the offender act "recklessly" while Parks and Wildlife Code section 31.094 requires that the offender act "wilfully or wantonly reckless or negligent." TEX. PARKS & WILD. CODE ANN. § 31.094; TEX. PENAL CODE ANN. § 22.05(a). Shear argues that modifying the word "reckless" with the phrase "wilfully and wantonly" does not change the culpable mental state that the State must prove to be anything other than that of "reckless." But every word of a statute is presumed to have been used for a purpose, and every word excluded is presumed to have been excluded

for a purpose. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981); *LaPointe v. State*, 166 S.W.3d 287, 293 (Tex. App.—Austin 2005, pet. dism'd). We must therefore conclude that the offenses do not require the same culpable mental state.

Second, Penal Code section 22.05(a) requires that the offender's conduct "place[] another in imminent danger of serious bodily injury" while Parks and Wildlife Code section 31.094 requires that the offender's conduct "endanger[] the life, limb, or property of any person." TEX. PARKS & WILD. CODE ANN. § 31.094; TEX. PENAL CODE ANN. § 22.05(a). Of note here is that no proof of imminence is required by Parks and Wildlife Code section 31.094. A person may also violate Parks and Wildlife Code section 31.094 by endangering the *property* of any person while Penal Code section 22.05(a) criminalizes only the placing of another *person* in imminent danger of serious bodily injury. Parks and Wildlife Code section 31.094 also uses the phrase "any person" while Penal Code section 22.05(a) uses the word "another." A person could therefore arguably violate Parks and Wildlife Code section 31.094 by endangering his or her own life, limb, or property while Penal Code section 22.05(a) makes clear that the imminent danger of serious bodily injury must be that of another. For these reasons, we conclude that the two statutes do not require the same elements of proof.

The two statutes also involve different penalties. An offense under Penal Code section 22.05(a) is a Class A misdemeanor. TEX. PENAL CODE ANN. § 22.05(e). A Class A misdemeanor is punishable by (1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement. *Id.* § 12.21 (West 2011). On the other hand, an offense under Parks and Wildlife Code section 31.094 is a

Class C Parks and Wildlife Code misdemeanor. TEX. PARKS & WILD. CODE ANN. § 31.127 (West Supp. 2013). A Class C Parks and Wildlife Code misdemeanor is punishable by a fine of not less than $25 nor more than $500. *Id.* § 12.406 (West 2002). The offender shall also be required to "successfully complete a boater education course approved by the department no later than the 90th day after the date the person is adjudged guilty." *Id.* § 31.131 (West 2002).

Finally, the statutes differ in their objectives. The rationale behind "deadly conduct" statutes like Penal Code section 22.05 is to punish risk creation. *See Guzman v. State*, 188 S.W.3d 185, 192 n.11 (Tex. Crim. App. 2006). Penal Code section 22.05 aims to impose criminal responsibility on anyone who recklessly engages in conduct that places another in imminent danger of serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.05. Parks and Wildlife Code section 31.094, on the other hand, is part of the Water Safety Act, which was enacted to promote recreational water safety and to promote uniformity of laws relating to water safety. *See* TEX. PARKS & WILD. CODE ANN. §§ 31.002, 31.094 (West 2002). The Act is applicable only to the State's public water; privately-owned water is not subject to its provisions. TEX. PARKS & WILD. CODE ANN. § 31.004 (West 2002). The statutes were therefore not "clearly written to achieve the same objective." *See Strickland*, 193 S.W.3d at 666.

In light of the foregoing, we conclude that Penal Code section 22.05 and Parks and Wildlife Code section 31.094 are not *in pari materia.* Penal Code section 22.05 and Parks and Wildlife Code section 31.094 do not share a common purpose. *See Burke*, 28 S.W.3d at 547-49; *Strickland*, 193 S.W.3d at 666. The statutes are also aimed at different

groups of people. This is not an instance "where one provision has broadly defined an offense, and a second has more narrowly hewn another offense, complete within itself, to proscribe conduct that would otherwise meet every element of, and hence be punishable under, the broader provision." *See Jones*, 396 S.W.3d at 561. Although the same conduct may sometimes violate both statutes, this does not mean that the statutes are *in pari materia*. *See State v. Wiesman*, 269 S.W.3d 769, 777 (Tex. App.—Austin 2008, no pet.).

The trial court did not err in denying Shear's motion to dismiss and motion for new trial based on *in pari materia*. We overrule Shear's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed May 8, 2014
Do not publish
[CR25]