

# NUMBER 13-17-00638-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE JO LEIGH ARES

On appeal from the 404th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Jo Leigh Ares appeals the trial court's denial of her pre-trial petition for writ of habeas corpus. Ares asserts: (1) the trial court erred by failing to grant her petition for writ of habeas corpus; (2) an *in pari materia* challenge to an indictment is cognizable in a pre-trial petition for writ of habeas corpus; (3) a pre-trial writ of habeas corpus is cognizable when it involves a violation of the separation of powers as well as the defendant's rights to due process and due course of law; (4) an as-applied challenge to the indictment is cognizable where the violation is apparent from the face of the record;

and (5) the Manufactured Housing Act is *in pari materia* with the Texas Penal Code statutes for theft of property and securing execution of a document by deception. *See* TEX. OCC. CODE ANN. § 1201.451; TEX. PENAL CODE ANN. §§ 31.03, 32.46. We affirm.

## I.   BACKGROUND

In March 2012, Ares was charged by complaints with misdemeanor violations of the Texas Occupations Code. The State dismissed the misdemeanor charges in 2013 and charged Ares by indictment for the felony offenses of: (1) theft of property in an aggregate amount of more than $100,000 but less than $200,000; and (2) securing the execution of a document by deception with a value of $20,000 or more but less than $100,000. *See* TEX. PENAL CODE ANN. §§ 31.03, 31.09, 32.46. The indictment arose from complaints that Ares, through her business "The Park Girl," took payments from customers for the purchase of mobile homes, but never gave the customers the products.

Ares filed a pre-trial motion for writ of habeas corpus and a hearing was held in 2014. The trial court denied the relief requested and Ares appealed. In her sole issue before this Court, Ares argued that she was being illegally restrained by criminal charges related to a civil debt and that the statute she was charged under was unconstitutional as applied to her. *See Ares v. State*, No. 13-14-00164-CR, 2015 WL 6593814 at *1–2 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.) (mem. op., not designated for publication). We affirmed the denial of her writ of habeas corpus. *See id.*

In September 2017, Ares filed her "Motion to Quash and Dismiss Indictment Pursuant to the Doctrine of *In pari materia*, as a Matter of Due Course of Law and Due Process of Law Violations of the United States and Texas Constitutions" which she later supplemented twice. The second supplemental motion was titled "Second Supplemental

2

Motion to Quash and Dismiss Indictment Pursuant to the Texas Code Construction Act, Doctrine of *In pari materia*, as a Matter of Due Course of Law and Due Process of Law Violations of the United States and Texas Constitutions and Request for Writ of Habeas Corpus Relief." The trial court heard the motion over the course of three hearings and denied the relief requested by Ares. This interlocutory appeal followed.

## II. PRE-TRIAL WRIT OF HABEAS CORPUS

Ares complains that the trial court erred in denying her petition for writ of habeas corpus, specifically arguing that the statutes under which she was indicted are *in pari materia* with the Manufactured Housing Act and that such a claim is cognizable in a pre-trial petition for writ of habeas corpus. She further argues that a petition for pre-trial writ of habeas corpus is cognizable when it involves a violation of separation of powers and the defendant's rights to due process and due course of law. Lastly, she argues that an as-applied challenge to the indictment is cognizable where the violation is apparent from the face of the record.

### A. Standard of Review

A pre-trial writ of habeas corpus "followed by an interlocutory appeal, is an 'extraordinary remedy' and 'appellate courts have been careful to ensure that a pre-trial writ is not misused to secure pre-trial appellate review of matters that in actual fact should not be put before appellate courts at the pre-trial stage.'" *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). The determination of "whether a claim is even cognizable on pre-trial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Id*. "Pre-trial habeas should be reserved for situations in which the protection

of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

We review a trial court's decision to grant or deny a writ of habeas corpus for abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). However, if the resolution turns on an application of legal standards, we review the determination de novo. *See Sandifer v. State*, 233 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); *see also Ex parte Hartfield*, 442 S.W.3d 805, 814 (Tex. App.—Corpus Christi–Edinburg 2014, pet. ref'd).

## B.    Claim Must Be Cognizable

Before turning to the merits of Ares's claim, we must first determine whether her claim is cognizable. *See Ellis*, 309 S.W.3d at 79. When determining whether an issue is cognizable by pre-trial habeas, we consider a variety of factors, including whether the rights underlying the claims would be effectively undermined if not vindicated before trial and whether the alleged defect would bring into question the trial court's power to proceed. *Ex parte Perry*, 483 S.W.3d 884, 895–96 (Tex. Crim. App. 2016); *Weise*, 55 S.W.3d at 619. A defendant may use a pre-trial writ of habeas corpus only in very limited circumstances. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). The accused may challenge: (1) the State's power to restrain her at all, i.e., the existence of probable cause; (2) the manner of her restraint, i.e., the denial of bail or conditions attached to bail; and (3) certain issues that would bar prosecution or conviction. *Id*. Designating a particular complaint as one that is cognizable is not enough; if the complaint

4

is in fact one that is not cognizable, we should refuse to consider the merits of the claim. *See Ellis*, 309 S.W.3d at 79–80; *see also Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd).

When there is a valid statute or ordinance under which a prosecution may be brought, pre-trial habeas is generally not available to test the sufficiency of the charging instrument. *Perry*, 483 S.W.3d at 895; *Weise*, 55 S.W.3d at 620. A few exceptions to this rule exist, but they have usually been found only when the complaint is such that it would render the proceedings void from the outset. *Ex parte Smith*, 152 S.W.3d 170, 171 (Tex. App.—Dallas 2004), *aff'd*, 185 S.W.3d 887 (Tex. Crim. App. 2006). Pre-trial habeas is available when the question presented, when resolved in the defendant's favor, would result in immediate release. *Perry*, 483 S.W.3d at 895.

### 1. As-Applied Challenge

Ares argues that *Perry* overhauled the cognizability analysis, allowing for as-applied challenges "if the violation is apparent from the pleadings or the right requires vindication pre-trial." *See* 483 S.W.3d at 918. In *Perry*, former Texas governor Rick Perry contended that as applied to certain circumstances, the abuse of official capacity statute violated separation of powers principles. *Id*. at 888. The State contended that Perry's argument was not cognizable in a pre-trial habeas corpus application. *Id*. at 895. The court of criminal appeals disagreed, holding that "pre-trial habeas is an available vehicle for *a government official* to advance an as-applied separation of powers claim that alleges the infringement of his own power *as a government official*." *Id*. at 898; *see Ex parte Walsh*, 530 S.W.3d 774, 781 (Tex. App.—Fort Worth 2017, no pet.) (emphasis added).

We find the facts here to be inapposite to the holding in *Perry*. *See Paxton*, 493 S.W.3d at 303 (declining to hold that pre-trial habeas relief was available under *Perry* because the defendant's charges did "not arise out of his duties as an elected official but rather from his conduct as a private citizen"); *Walsh,* 530 S.W.3d at 781 (declining to extend the holding in *Perry* to appellant's as-applied challenge because, inter alia, appellant was not a government official). *Perry* reaffirms that "as applied" challenges are not cognizable on pre-trial habeas except for certain carefully limited exceptions. *See Perry*, 483 S.W.3d at 895–98. The court concluded that cases involving criminal charges arising from an elected official's performance of his duties and implicating the separation of powers qualify as such an exception. *See id*. at 898. As a private citizen, Ares's charges do not arise out of any duty as an elected official. *See Paxton*, 493 S.W.3d at 303. Accordingly, we conclude that *Perry* does not support Ares's position that she may raise an as-applied challenge on pre-trial habeas. *Perry*, 483 S.W.3d at 898.

### 2. Immediate Release and Vindication of Rights Pre-Trial

Ares also argues that her *in pari materia* challenge is cognizable because if we find in her favor, the trial court would no longer have jurisdiction to proceed. Ares contends that, if we determined that the statutes under which she was indicted are *in pari materia* with the Manufactured Housing Act, she would be released, making her pre-trial writ cognizable. *See Ex parte Flores*, 483 S.W.3d 632, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("A claim is cognizable in a pre-trial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release."). She asserts that the two-year statute of limitations has already run on any potential misdemeanor charges against her under

the Manufactured Housing Act. *See* TEX. CRIM. PROC. CODE ANN. art. 12.02(a) ("An indictment or information for any Class A or Class B misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward."). Accordingly, Ares argues that if we resolved these arguments in her favor, the trial court would be deprived of the power to proceed and she would be released. *Ex parte Flores*, 483 S.W.3d at 638.

Ares asserts further that her rights "would be effectively undermined if not vindicated pre-trial." Certain types of claims may be raised by pre-trial habeas because the rights underlying those claims would be effectively undermined if not vindicated before trial. *Perry*, 483 S.W.3d at 895 (citing *Weise*, 55 S.W.3d at 619 ("[A]n applicant may use pre-trial writs to assert his or her constitutional protections with respect to double jeopardy.")); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982) (concluding that Fifth Amendment right not to be exposed to double jeopardy must be reviewable before that exposure occurs). In determining whether a claim falls under this exception, courts first consider whether the right at stake provides a basis for cognizability, and secondarily whether judicial economy favors pre-trial review. *Perry*, 483 S.W.3d at 898.

Ares contends that her *in pari materia* challenge was properly raised pre-trial because the violation is apparent from the face of the record and no further factual development is necessary. *See State v. Wiesman*, 269 S.W.3d 769, 773 (Tex. App.—Austin 2008, no pet.). The doctrine of *in pari materia* is a principle of statutory interpretation, a means of giving full effect to legislative intent. *Mills v. State,* 722 S.W.2d 411, 413 (Tex. Crim. App. 1986). Under this doctrine, statutes that deal with the same general subject, have the same general purpose, or relate to the same person, thing, or

7

class are considered to be *in pari materia* even if they contain no reference to each other or were passed at different times or at different sessions of the legislature. *Cheney v. State,* 755 S.W.2d 123, 126 (Tex. Crim. App. 1988). The doctrine applies, for example, when one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. *Id.* Statutes found to be *in pari materia* are construed together and, if possible, conflicts between the statutes are harmonized. *Id.* at 127; *see* TEX. GOV'T CODE ANN. § 311.026(a) ("If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both."). In the case of an irreconcilable conflict, the specific statute controls over the more general statute. *Cheney*, 755 S.W.2d at 126; *see* TEX. GOV'T CODE ANN. § 311.026(b) ("If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.").

Count one of the indictment alleged that Ares "unlawfully appropriate[d], by acquiring or otherwise exercising control over, property, to-wit: US Currency. . ." from six victims, "pursuant to one scheme or continuing course of conduct, and the aggregate value of the property obtained was $100,000 or more, but less than $200,000." *See* TEX. PENAL CODE. ANN. § 31.03(e)(6). Count two of the indictment alleged that Ares:

> with the intent to harm or defraud Joanna Llanas, by deception, to-wit: altered mobile home purchase agreement, intentionally or knowingly cause[d] Johanna Llanas to sign or execute a document affecting the pecuniary interest . . . the value of said pecuniary interest being $20,000 or more but less than $100,000, and said document is of the tenor following: Purchase Agreement dated September 24, 2011.

8

*See* TEX. PENAL CODE ANN. § 32.46(b)(5). Ares argues that the alleged injuries to the victims in this case arise out of her ownership and operation of her mobile home business. She argues the State has alleged that she agreed to sell mobile homes and accepted payment with no intent to deliver the homes. She contends that the statutes under which she was indicted are *in pari materia* with the Manufactured Housing Act, and therefore her indictment under these statutes violates her constitutional rights to due process and due course of law. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19; TEX. OCC. CODE ANN. § 1201.451(a) ("[A] person may not sell or exchange a used manufactured home without the appropriate transfer of good and marketable title to the home."); *id.* § 1201.606 (stating that a person commits a Class A misdemeanor if the person knowingly and willfully violates the Manufactured Housing Act); TEX. PENAL CODE ANN. § 31.03.

When an *in pari materia* assertion is made prior to trial and, accordingly, before an evidentiary record has been developed, a court may only conclude that two statutes are *in pari materia* if the charging instrument "on its face" raises the *in pari materia* issue. *See Weisman*, 269 S.W.3d at 773–74. Likewise, the Texas Court of Criminal Appeals has held that when the charging instrument was unobjectionable on its face, it was only after the State's evidence disclosed the statutory provisions purportedly at issue that the basis for an *in pari materia* challenge became manifest. *See Azeez v. State*, 248 S.W.3d 182, 194 (Tex. Crim. App. 2008).

Count one of Ares's indictment for theft of property does not allege any facts indicating that manufactured housing was involved or that she could have been charged under the Manufactured Housing Act. *See Azeez*, 248 S.W.3d at 194 (holding that appellant could not raise an *in pari materia* claim to quash a complaint accusing him of

9

failing to appear where the complaint did not allege any facts that the defendant had failed to appear specifically pursuant to a traffic violation); *see also Smith*, 185 S.W.3d at 893 (holding that *in pari materia* claim was not cognizable on pre-trial writ of habeas where assault indictment was valid on its face and did not allege facts indicating that hazing was involved). Accordingly, because count one of the indictment does not present an *in pari materia* issue on its face, we find that Ares's *in pari materia* claim as to count one is not cognizable by pre-trial writ of habeas corpus. *See Smith*, 185 S.W.3d at 893. Count two of Ares's indictment alleges facts involving the purchase of a mobile home and documents executed pursuant to the purchase of a mobile home. However, because count one is valid, even if Ares were to be successful on her *in pari materia* claim as to count two, it would not result in her immediate release; therefore, the issue as to count two is also not cognizable in a pre-trial writ of habeas corpus. *See Flores*, 483 S.W.3d at 638

The trial court did not abuse its discretion in denying Ares's petition for pre-trial writ of habeas corpus.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of September, 2019.