FILED IN
COURT OF CRIMINAL APPEALS

March 11, 2015

ABEL ACOSTA, CLERK

PD-15595-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/11/2015 12:17:00 PM
Accepted 3/11/2015 1:00:22 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** APPELLANT | § § § § | |
| v. | § § | **Nos. PD-1596-14 / PD-1595-14** |
| **AARON LIVERMAN AND ROGER LIVERMAN,** APPELLEES | § § § § | |

---

## STATE'S BRIEF ON THE MERITS

---

FROM THE SECOND DISTRICT OF TEXAS AT FORT WORTH
IN CAUSE NUMBER 02-13-00177-CR / 02-13-00176-CR
AND
FROM THE 362ND JUDICIAL DISTRICT COURT
DENTON COUNTY, TEXAS
IN CAUSE NUMBER F-2012-0137-D / F-2012-0136-D

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**LARA TOMLIN**
Assistant Criminal District Attorney
1450 East McKinney, #3100
Denton, Texas   76209
State Bar No.  24075169
(940) 349-2600
FAX (940) 349-2751
lara.tomlin@dentoncounty.com

*Oral argument is requested.*

## IDENTITY OF PARTIES & COUNSEL

Appellant .................................................... THE STATE OF TEXAS

**PAUL JOHNSON**
Criminal District Attorney

APPELLATE COUNSEL

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**LARA TOMLIN**
Assistant Criminal District Attorney
State Bar No. 24075169
1450 East McKinney, #3100
Denton, Texas 76209

TRIAL COUNSEL

**RICK DANIEL**
**LINDSEY SHEGUIT**
Assistant Criminal District Attorneys

Appellees................................................ **AARON LIVERMAN AND**
**ROGER LIVERMAN**

TRIAL AND APPELLATE COUNSEL

**MATTHEW J. KITA**
P.O. Box 5119
Dallas, Texas 75208

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ................................................................. i

INDEX OF AUTHORITIES ........................................................................... v

STATEMENT OF THE CASE ......................................................................... 1

REQUEST FOR ORAL ARGUMENT ................................................................ 2

ISSUES PRESENTED FOR REVIEW ............................................................... 2

STATEMENT OF FACTS .............................................................................. 3

SUMMARY OF THE STATE'S ARGUMENTS ................................................... 3

    State's First Issue Presented ................................................................. 3

    State's Second Issue Presented .............................................................. 4

ARGUMENT ............................................................................................. 5

THE STATE'S FIRST ISSUE PRESENTED ....................................................... 5

    It was the Legislature's intent under Texas Penal Code section
    32.46(a)(1) to criminalize the act of causing a court clerk to file and
    record a fraudulent lien .......................................................................... 5

        The history of section 32.46 shows that "execute" was added to
        what is now 32.46(a)(1) and the Legislature's addition of "execute"
        should be given effect. ...................................................................... 5

Contrary to the Second District Court Of Appeals' opinion, any overlap between Texas Penal Code sections 32.46(a)(1) and 32.46(a)(2) in the process of signing, executing, filing or recording fraudulent documents is allowable. ..................................................... 9

Subsection (a)(1) broadly covers any document that can be executed and subsection (a)(2) narrowly covers only certain types of fraudulent documents. ............................................................. 9

The Punishment of subsection (a)(1) is a sliding scale in which the punishment fits crimes involving fraudulent liens, unlike subsection (a)(2) in which one punishment fits a certain kind of document....................................................................................... 10

Documents that fall under subsection (a)(2) are "filed or recorded" because they cannot ever be executed, unlike a lien filed under the procedure found in the Texas Property Code ....... 11

The overlap of "sign or execute" and "file or record" is allowable as subsection (a)(1) is more broad and encompass-ing than the narrow and exclusive subsection (a)(2)..................... 12

The focus of section 32.46 should be on the deception and the nouns describing the fraudulent documents, not the verbs describing the process of signing, executing, filing, or recording those documents, and the false filing of the lien should be a crime in an effort to protect the integrity of documentary transactions ....... 14

The Second District Court Of Appeals' holding that under the plain meaning of the words in section 32.46(a)(1), this case does not fall under section 32.46(a)(1), leads to the absurd result that Appellees' fraudulent use of liens was not a crime ............................................. 15

The bill analysis from the 1997 amendment to section 32.46 shows the Legislature's concerns with fraudulent documents, including liens, and documentary integrity ....................................... 19

The Legislature intended to criminalize the act of causing a court clerk to file and record a fraudulent lien under Texas Penal Code section 32.46(a)(1)................................................................. 20

THE STATE'S SECOND ISSUE PRESENTED .................................................... 21

A clerk's actions of filing and recording a lien equate to "signing or executing" under Texas Penal Code section 32.46(a)(1) ............................... 21

Appellees' statutory liens were only legally effective after Appellees filed the liens with the county clerk; therefore, the liens were only executed once the clerk filed and recorded the liens ........................................................................................................ 21

A clerk's actions of filing and recording a lien equate to "signing or executing" under Texas Penal Code section 32.46(a)(1) .................... 23

PRAYER ............................................................................................................. 24

CERTIFICATE OF COMPLIANCE ................................................................. 25

CERTIFICATE OF SERVICE ........................................................................... 25

# INDEX OF AUTHORITIES

**Constitutional Provisions**                                                         **Page**

Tex. Const. art. XVI, § 37 ..................................................................... 21

**Statutes, Codes and Rules**

Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen.
Laws 941 (amended 1993) (current version at Tex. Penal Code Ann.
§ 32.46 (Vernon Supp. 2014)).................................................... 5, 7, 8

Act of June 19, 1993, 73rd Leg., R.S., ch 900, § 1.01, 1993 Tex. Gen.
Laws 3653 (amended 1997) (current version at Tex. Penal Code Ann.
§ 32.46 (Vernon Supp. 2014)).......................................................... 6

Act of May 21, 1997, 75th Leg., R.S., ch 189, § 2, 1997 Tex. Gen. Laws
1046 (amended 2003) (current version at Tex. Penal Code Ann.
§ 32.46 (Vernon Supp. 2014)).......................................................... 6

Act of June 10, 2003, 78th Leg., R.S., ch 198, § 2.138, 2003
Tex. Gen. Laws 705 (amended 2007) (current version at Tex.
Penal Code Ann. § 32.46 (Vernon Supp. 2014)) ............................. 6

Act of June 18, 2003, 78th Leg., R.S., ch 257, § 15, 2003 Tex. Gen.
Laws 1169 (amended 2007) (current version at Tex. Penal Code Ann.
§ 32.46 (Vernon Supp. 2014)).......................................................... 6

Act of June 20, 2003, 78th Leg., R.S., ch 432, § 4, 2003 Tex. Gen.
Laws 1680 (amended 2007) (current version at Tex. Penal Code Ann.
§ 32.46 (Vernon Supp. 2014)).......................................................... 6

Act of May 17, 2007, 80th Leg., R.S., ch 127, § 4, 2007 Tex. Gen.
Laws 155 (amended 2011) (current version at Tex. Penal Code Ann.
§ 32.46 (Vernon Supp. 2014))........................................................ 6-7

Act of June 17, 2011, 82nd Leg., R.S., ch. 620, § 6, 2011 Tex. Gen.
Laws 1493 (current version)............................................................. 7

Gov't Code Ann. § 51.901 (Vernon 2013)................................................20

H.J. of Tex., 63rd Leg., R.S., 4534 (1973)..............................................5

House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1185,
  75th Leg., R.S. (1997) ................................................................*passim*

Tex. Penal Code Ann. § 1.02 (Vernon 2011)......................................15-16

Tex. Penal Code Ann. § 1.05 (Vernon 2011)...........................................16

Tex. Penal Code Ann. § 32.21 (Vernon 2011).........................................17

Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014) ......................*passim*

Tex. Penal Code Ann. § 32.46(a)(1) (Vernon Supp. 2014) .............*passim*

Tex. Penal Code Ann. § 32.46(a)(2) (Vernon Supp. 2014) .............9, 10, 11, 12, 18

Tex. Penal Code Ann. § 32.49 (Vernon 2011)....................................16, 17

Tex. Prop. Code Ann. § 53.001 (Vernon 2007) .....................................21

Tex. Prop. Code Ann. § 53.022-53.056 (Vernon 2007)..........................22

Tex. Prop. Code Ann. § 53.251-53.260 (Vernon 2007)..........................22

Tex. Prop. Code Ann. § 53.021 (Vernon Supp. 2014)............................22

Tex. Prop. Code Ann. § 53.052 (Vernon 2007).................................22, 23

Tex. Prop. Code Ann. § 53.057 (Vernon Supp. 2014)............................22

## Cases

*Avery v. State*
359 S.W.3d 230 (Tex. Crim. App. 2012)............................................. 10, 12, 13, 17

*Boykin v. State*
818 S.W.2d 782 (Tex. Crim. App. 1991) ........................................................ 18

*Cheney v. State*
755 S.W.2d 123 (Tex. Crim. App. 1988)...................................................... 17, 18

*CVN Grp. v. Delgado*
95 S.W.3d 234 (Tex. 2002) ................................................................21, 22, 23

*DeWitt v. Harris Cnty.*
904 S.W.2d 650 (Tex. 1995) ............................................................... 12, 13, 14

*Dobbs v. State*
434 S.W.3d 166 (Tex. Crim. App. 2014)...................................................... 7, 8, 9

*Harris v. State*
359 S.W.3d 625 (Tex. Crim. App. 2011)...................................................... 7, 8, 9

*Liverman v. State*
447 S.W.3d 889 (Tex. App—Fort Worth 2014, pet. granted) ........................ 1, 13

*Liverman v. State*
448 S.W.3d 155 (Tex. App.—Fort Worth 2014, pet. granted) ........................ 1, 13

*Muniz v. State*
851 S.W.2d 238 (Tex. Crim. App. 1993)...................................................... 7, 8, 9

*State v. Wiesman*
269 S.W.3d 769 (Tex. App.—Austin 2008, no pet.)................................. 14, 15, 17

*Trinity Drywall Sys. v. TOKA Gen. Contrs., Ltd.*
416 S.W.3d 201(Tex. App.—El Paso 2013, pet. denied) ............................. 21, 23

*Uribe v. State*
7 S.W.3d 294 (Tex. App.—Austin 1999, pet. ref'd)........................................... 18

**Other Authorities**

2A Norman J. Singer, *Sutherland's Statutes and Statutory Construction*
    § 46.06 (5th ed. 1992)............................................................................... 13

*Merriam-Webster Online Dictionary* (21 Oct. 2014) ........................................22, 23

**Appendices**

Appendix A        [ Orders Denying "State's Motion For Rehearing" ]

Appendix B        [ Orders Granting "States Amended Motion For The Change In
                  Notation of Opinion to 'Publish'" ]

Appendix C        [ Excerpt from Penal Code in Effect Before 1973 ]

Appendix D        [ Excerpt from Penal Code in Effect in 1925 from the Texas State
                  Law Library Website ]

Appendix E        [ Excerpt from 1974 Vernon's Code Annotated ]

Appendix F        [ House Comm. on Criminal Jurisprudence, Bill Analysis,
                  Tex. H.B. 1185, 75th Leg. R.S. (1997) ]

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** | § | |
| APPELLANT | § | |
| | § | |
| | § | |
| v. | § | **Nos. PD-1596-14 / PD-1595-14** |
| | § | |
| **AARON LIVERMAN AND** | § | |
| **ROGER LIVERMAN,** | § | |
| APPELLEES | § | |

---

## STATE'S BRIEF ON THE MERITS

---

TO THE COURT OF CRIMINAL APPEALS:

The State, by and through its Assistant Criminal District Attorney, respectfully submits its brief on the merits urging that the judgment of the Second District Court of Appeals be reversed.

## STATEMENT OF THE CASE

Appellees were found guilty of securing the execution of a document by deception on March 21, 2013 (C.R. at 48, 65). Appellees appealed their convictions, and the Second District Court of Appeals rendered acquittals in both of their cases on October 9, 2014. *Liverman v. State*, 447 S.W.3d 889, 890 (Tex. App—Fort Worth 2014, pet. granted); *Liverman v. State*, 448 S.W.3d 155, 156 (Tex. App.—Fort Worth 2014, pet. granted). The State subsequently filed motions

for rehearing and motions to publish on October 23, 2014; the Second District Court of Appeals denied the motion for rehearing and granted the motion to publish on November 20, 2014 (*see* Appendix A [Orders Denying "State's Motion For Rehearing"]; Appendix B [Orders Granting "State's Amended Motion For The Change In Notation Of Opinion to 'Publish'"]).

## REQUEST FOR ORAL ARGUMENT

Because the issue presented in this case – whether causing a court clerk to file and record a lien on property is an execution of a document under Texas Penal Code section 32.46 – has not been addressed by this Court, the State believes oral argument would be helpful to the courts of the State of Texas and the parties. The State therefore requests oral argument.

## ISSUES PRESENTED FOR REVIEW

It was the Legislature's intent under Texas Penal Code section 32.46(a)(1) to criminalize the act of causing a court clerk to file and record a fraudulent lien.

A clerk's actions of filing and recording a lien equate to "signing or executing" under Texas Penal Code section 32.46(a)(1).

2

## STATEMENT OF FACTS

When Katheryn Hall's father and brother, Roger and Aaron Liverman, the Appellees in this case, were released from prison, Ms. Hall offered them both jobs at her company and they stayed in Ms. Hall's investment property (3 R.R. at 26, 31-34). Eventually, Appellees' and Ms. Hall's work relationship deteriorated, Ms. Hall fired Appellees in June 2008, Ms. Hall filed to evict Roger, and on July 1, 2008, Roger was evicted (3 R.R. at 43, 46). Appellees filed liens against Ms. Hall's investment property, claiming to have performed work they did not perform on the property (3 R.R. at 20-22, 47, 49; State's Exhibits 1, 2). Cynthia Mitchell, the official record-keeper for all Denton County records, testified that her office filed and recorded Roger's mechanic's lien contract and Aaron's miscellaneous general-fee document on July 22, 2008, the liens were executed, and the liens were valid within a week (3 R.R. at 17-24).

## SUMMARY OF THE STATE'S ARGUMENTS

### State's First Issue Presented

The Legislature intended to criminalize the act of causing a court clerk to file a fraudulent lien, as evidenced by the inclusion of the word "execute" in section 32.46(a)(1). The word "execute" should therefore be given effect and any overlap with the verbs "file or record" is allowable. Additionally, the verbs in section 32.46 should not be the focus of the section, as the deception and the

3

documents involved should be the focus. The legislative history of section 32.46 further illustrates the Legislature's intent to criminalize Appellees' actions, and a finding that their actions were not criminal is an absurd result. Therefore, the evidence was sufficient in this case to convict Appellees' of securing execution of a document by deception because the clerk's actions amounted to the clerk executing the fraudulent liens under section 32.46(a)(1).

### *State's Second Issue Presented*

The clerk's action of filing and recording Appellees' lien, equated to "signing or executing" under Texas Penal Code section 32.46(a)(1) because Appellees' statutory liens were only legally effective after Appellees filed the liens with the county clerk. Therefore, Appellees' liens were only executed once the clerk filed and recorded the liens.

# ARGUMENT

## THE STATE'S FIRST ISSUE PRESENTED

**It was the Legislature's intent under Texas Penal Code section 32.46(a)(1) to criminalize the act of causing a court clerk to file and record a fraudulent lien.**

*The history of section 32.46 shows that "execute" was added to what is now 32.46(a)(1) and the Legislature's addition of "execute" should be given effect.*

The modern version of section 32.46 was first enacted in 1973. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 941 (amended 1993) (current version at Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014)).[1] The language of the 1973 version of section 32.46 is exactly the same as the current version of 32.46(a)(1). *Id.*; *see* Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014). The previous version of section 32.46 was sections 1000, 1001, and 1003 of the penal code in effect prior to 1973 (*see* Appendix C [Excerpt from Penal Code in Effect Before 1973]). Former section 1000, entitled "Falsely reading instrument," most closely resembles what is now section 32.46(a)(1):

> Whoever with intent to defraud shall, either by falsely reading, or falsely interpreting, any pecuniary obligation or instrument in writing, which would in any manner affect property, or by misrepresenting its contents, induce any one to sign such instrument as his act, or give assent to it in such manner as would make it his act, if not done under mistake, shall be confined in the penitentiary for not less than two nor more than five years.

---

[1]  In 1973, the Legislature enacted a complete overhaul of the then existing penal code. H.J. of Tex., 63rd Leg., R.S., 4534 (1973).

(Appendix C). *See* Tex. Penal Code § 32.46(a)(1).[2] Section 1000 of the former penal code was unchanged from the 1925 version until 1973 when section 32.46 was codified (*see* Appendix D [Excerpt from Penal Code in Effect in 1925 from the Texas State Law Library Website]). *See* Tex. Penal Code § 32.46.

The punishment scheme for section 32.46 was amended in 1993. Act of June 19, 1993, 73rd Leg., R.S., ch 900, § 1.01, 1993 Tex. Gen. Laws 3653 (amended 1997) (current version at Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014)). Before that amendment, all offenses under section 32.46 were classified as third degree felonies. *Id.* After that amendment, there was a sliding scale of punishment based on the value of the property that was at issue in the deception. *Id.* The next amendment to section 32.46 came in 1997, with the changes discussed *infra*. Act of May 21, 1997, 75th Leg., R.S., ch 189, § 2, 1997 Tex. Gen. Laws 1046 (amended 2003) (current version at Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014)).[3]

---

[2] Section 1001, entitled "Substituting one instrument for another," dealt with inducing someone to sign a different instrument then the person intended; and section 1003, entitled "Falsely personating another," dealt with a person impersonating another in order to sign the assumed name to any instrument in writing (Appendix C).

[3] Amendments that followed in 2003 and 2007 specifically addressed medicare fraud and offenses against the elderly that are not pertinent to the discussion here. Act of June 10, 2003, 78th Leg., R.S., ch 198, § 2.138, 2003 Tex. Gen. Laws 705 (amended 2007) (current version at Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014)); Act of June 18, 2003, 78th Leg., R.S., ch 257, § 15, 2003 Tex. Gen. Laws 1169 (amended 2007) (current version at Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014)); Act of June 20, 2003, 78th Leg., R.S., ch 432, § 4, 2003 Tex. Gen. Laws 1680 (amended 2007) (current version at Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014)); Act of May 17, 2007,

This Court is to give meaning to every word and phrase in a statute. *Dobbs v. State*, 434 S.W.3d 166, 171-172 (Tex. Crim. App. 2014). It must be "presume[ed] that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011). Further, it is a cardinal rule of statutory construction that each sentence, clause, phrase, and word be given effect as reasonably possible. *Muniz v. State*, 851 S.W.2d 238, 265 (Tex. Crim. App. 1993).

The prior section that most closely resembles section 32.46, former section 1000, did not include the word "execute" (Appendix C). Section 1000 charged a crime if an individual defrauded another into signing or giving assent to any pecuniary obligation or instrument in writing (Appendix C). In 1973, the word "execute" was added to the statute. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 941 (amended 1993). The "Practice Commentary" below the section 32.46 in the first printed version of the 1973 version states that the 1973 version of section 32.46 is "broader than Penal Code arts. 1000 and 1001" (*see* Appendix E [Excerpt from 1974 Vernon's Code Annotated]). The Legislature

---

80th Leg., R.S., ch 127, § 4, 2007 Tex. Gen. Laws 155 (amended 2011) (current version at Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014)). The most recent amendment to section 32.46 in 2011 defined document, but was effective September 1, 2011, and only covered offenses after that date thus does not apply to this case. Act of June 17, 2011, 82nd Leg., R.S., ch. 620, § 6, 2011 Tex. Gen. Laws 1493 (current version).

presumably added "execute" for a purpose and wanted "execute" to be given effect. *See id.*, Tex. Penal Code § 32.46(a)(1). If "execute" has a narrow meaning that only encompasses "sign," then "execute" does not have a purpose and is not being given effect. *See Harris*, 359 S.W.3d at 629; *Muniz*, 851 S.W.2d at 265. The statute has the phrase "sign or execute" presumably to criminalize both causing someone to sign a document by deception and causing someone to execute a document by deception. *See* Tex. Penal Code § 32.46(a)(1). If the Legislature had intended for the statute to only cover "sign," it would have not added "execute" in 1973; just as the Legislature no longer wanted "give assent" to be part of the statute and did not include that phrase in the 1973 amendment. *See* Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 941 (amended 1993); Tex. Penal Code § 32.46(a)(1).

The history of section 32.46 shows that the word "execute" was added to the statute in 1973, and this Court should give purpose and effect to "execute" as it is a word included in the statute for a reason. *See Dobbs*, 434 S.W.3d at 171-172; *Harris*, 359 S.W.3d at 629; *Muniz*, 851 S.W.2d at 265; Tex. Penal Code § 32.46(a)(1); Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 941 (amended 1993). Since "sign" immediately precedes "execute" in the statute, this Court should give the word "execute" a broader definition than just "sign," as the Legislature added "execute" for a reason. *See* Tex. Penal Code

8

§ 32.46; *Dobbs*, 434 S.W.3d at 171-172. Therefore, Appellees' actions of presenting their liens to the county clerk to file and record the documents should fall under section 32.46 because they had the clerk execute their statutory liens. *See* Tex. Penal Code § 32.46; *Dobbs*, 434 S.W.3d at 171-172; *Harris*, 359 S.W.3d at 629; *Muniz*, 851 S.W.2d at 265.

***Contrary to the Second District Court Of Appeals' opinion, any overlap between Texas Penal Code sections 32.46(a)(1) and 32.46(a)(2) in the process of signing, executing, filing, or recording of fraudulent documents is allowable.***

<u>Subsection (a)(1) broadly covers any document that can be executed and subsection (a)(2) narrowly covers only certain types of fraudulent documents.</u>

Subsection (a)(2) of section 32.46 describes a very specific situation in which a person causes a public servant to file a document purporting to be a judgment or document from a purported state or United States court, or purported judicial officers. Tex. Penal Code Ann. § 32.46(a)(2) (Vernon Supp. 2014). Subsection (a)(2) of section 32.46 was enacted for the specific purpose of criminalizing the acts of individuals, specifically sovereign citizens, who were recording or filing fraudulent "common law court" documents with the intention to harass and intimidate public officials or ordinary citizens (*see* Appendix F [House

9

Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S. (1997)]). *See* Tex. Penal Code Ann. § 32.46(a)(2) (Vernon Supp. 2014).[4]

Subsection (a)(1) more broadly covers *any document* that is executed, in contrast to subsection (a)(2), which narrowly covers false documents from false courts that are filed or recorded. *See* Tex. Penal Code § 32.46. Since subsection (a)(1) is more broad, it can encompass certain situations in which the execution of *any document* is via the filing and recording of the document. *See* Tex. Penal Code § 32.46(a)(1).

The Punishment of subsection (a)(1) is a sliding scale in which the punishment fits crimes involving fraudulent liens, unlike subsection (a)(2) in which one punishment fits a certain kind of document.

In contrast to subsection (a)(2), wherein any offense under that section is a state jail felony, the punishment under subsection (a)(1) is dependent on the monetary value of the property affected by the deception, ranging from a Class-C misdemeanor to a first-degree felony. *See* Tex. Penal Code § 32.46. Based on this punishment scheme, subsection (a)(2) gives a standard punishment for trying to

---

[4] To the extent the Second District Court of Appeals opined that this specific case would have been better suited filed under 32.46(a)(2), which included the "file or record" language, the State notes:

> An appellate court's belief that an appellant's actions more closely resemble an uncharged offense than the offense actually charged is not a legitimate basis for an acquittal. Sufficiency of evidence is reviewed by comparing the evidence adduced at trial to the elements of the offense actually charged.

*Avery v. State*, 359 S.W.3d 230, 237 (Tex. Crim. App. 2012).

pass off documents from an illegitimate court, but subsection (a)(1) bases the punishment on the monetary value of the damages, which would presumably be beneficial in the case of a lien where the punishment could be in line with the monetary amount the defendant defrauded another out of by deception. *See* Tex. Penal Code § 32.46. Here, this offense would fit more in line with a punishment based on monetary value, considering that Appellees attempted to perfect liens against the victim's property for a specific amount (3 R.R. at 20-22; State's Exhibits 1, 2).

Documents that fall under subsection (a)(2) are "filed or recorded" because they cannot ever be executed, unlike a lien filed under the procedure found in the Texas Property Code.

Further, the filing of "any purported judgment or other document purporting to memorialize or evidence an act" of a purported court, judicial entity, or judicial officer that is not expressly created or established under the Texas or United States Constitutions does not execute the purported judgment or document by putting the judgment or document in its final legally enforceable form. *See* Tex. Penal Code § 32.46(a)(2). It is not executed because the documents under section 32.46(a)(2) can never be executed or put in legally enforceable form because the court, judicial entity, or judicial officer they purport to come from does not legally exist. *See* Tex. Penal Code § 32.46(a)(2). Documents that fall under section 32.46(a)(2) are always fraudulent and never valid, and it is therefore a crime to file

11

or record them. *See* Tex. Penal Code § 32.46(a)(2). On the other hand, any person who files a lien, and follows the procedure set forth in chapter 53 of the Texas Property Code, has executed a valid lien against the property in question even if the basis of that lien later is proved fraudulent. *See* Texas Property Code Ann. §§ 53.001-53.260 (Vernon 2007, Vernon Supp. 2014). Thus, when a person deceives another into filing, and therefore executing, a lien that is fraudulent with the intent to defraud or harm another, they have violated section 32.46(a)(1). *See* Tex. Penal Code § 32.46(a)(1).

The overlap of "sign or execute" and "file or record" is allowable as subsection (a)(1) is more broad and encompassing than the narrow and exclusive subsection (a)(2).

There are numerous and sometimes broad criminal statutes in the Texas Penal Code, and frequently an act can violate more than one statute. *See Avery v. State*, 359 S.W.3d 230, 236 (Tex. Crim. App. 2012). This overlap in statutory provisions is allowable. *Id.* Therefore, it is allowable for actions that would fall under a definition of "file or record" in one section of the statute to also fall under a definition of "sign or execute" in another section of the statute. *See id.*; Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014).

In its statutory interpretation of section 32.46, the Second District Court of Appeals cites language used in *DeWitt v. Harris County*: "when the Legislature uses certain language in one part of the statute and different language in another,

12

the court assumes different meanings were intended." *Liverman v. State*, 447 S.W.3d 889, 891-892 (Tex. App.—Fort Worth, 2014, pet. granted), (*citing DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995), (*quoting* 2A Norman J. Singer, *Sutherland's Statutes and Statutory Construction* § 46.06 (5th ed. 1992); *Liverman v. State*, 448 S.W.3d 155, 158 (Tex. App.—Fort Worth 2014, pet. granted), (*citing DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995), (*quoting* 2A Norman J. Singer, *Sutherland's Statutes and Statutory Construction* § 46.06 (5th ed. 1992). The State asserts that an interpretation that this case falls under section 32.46(a)(1) does not violate this canon of statutory construction because it is allowable for an action to overlap and be interpreted under either section, despite the differing verbs used to describe the actions. *See DeWitt*, 904 S.W.2d at 653; *see also Avery*, 359 S.W.3d at 237.[5]

Subsection (a)(1) broadly covers the execution of any document effecting property, which includes the lien in this case, and subsection (a)(2) narrowly covers only the filing or recording of a purported judgment or document from a purported court or judicial officer. *See* Tex. Penal Code § 32.46. Any overlap of "sign or execute" with "file or record" is allowable. *See Avery*, 359 S.W.3d at 236.

---

[5] The court in *DeWitt* found that one subsection in that statute at issue was broader than the other, the broader statue encompassed the less broad subsection, and the absence of certain language in the broader subsection did "not require the conclusion that the Legislature intended something different" for the broad subsection "than was specified" for in the less broad section. *DeWitt*, 904 S.W.2d at 653.

13

Furthermore, the absence of certain language in the broader subsection (a)(1) does not require the conclusion that the Legislature intended different things in each subsection. *See DeWitt*, 904 S.W.2d at 653.

***The focus of section 32.46 should be on the deception and the nouns describing the fraudulent documents, not the verbs describing the process of signing, executing, filing, or recording those documents, and the false filing of the lien should be a crime in an effort to protect the integrity of documentary transactions.***

The gravamen of section 32.46 is the deception. *State v. Wiesman*, 269 S.W.3d 769, 776 (Tex. App.—Austin 2008, no pet.). The statute defines two ways in which a person can commit the offense:

> (1)     causing another to sign or execute any document affecting property or service or the pecuniary interest of any person; or
> (2)     causing or inducing a public servant to file or record any purported judgment or other document purporting to memorialize or evidence an act, an order, a directive, or process of a purported court or judicial officer not created or established under state or United States law.

Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014). While the Second District Court of Appeals put the focus on the verbs in the two ways of committing this offense, the focus should be on the nouns: the "any document" and the "purported judgment or other document." *See* Tex. Penal Code § 32.46. The Third District Court of Appeals has found that the purpose of section 32.46(a)(1) is to protect the integrity of documentary transactions:

> As part of a chapter defining fraud offenses, penal code section 32.46(a)(1) prohibits the fraudulent use of a broad variety of

14

deceptive practices to induce a person to sign or execute any document affecting the property, service, or pecuniary interest of any person, who may or may not be the person deceived. The statute thus serves to protect the integrity of documentary transactions by punishing those who use such transactions to defraud or harm another.

*Wiesman*, 269 S.W.3d at 776. Thus, the purpose of this statute is to discourage people from harming others through fraudulent documents. *See id.* In order to protect documentary integrity, it should be a crime when a person files a fraudulent lien. *See id.* The focus should not be on the "sign or execute" and the "file or record" verbs found in the subsections, but on the documents that are covered by the statute. *See id.*; Tex. Penal Code § 32.46. Here, Appellees filed fraudulent liens, and this action is the precise action that section 32.46(a)(1) was intended to criminalize. *See Wiesman*, 269 S.W.3d at 776; Tex. Penal Code § 32.46.

***The Second District Court Of Appeals' holding that under the plain meaning of the words in section 32.46(a)(1), this case does not fall under section 32.46(a)(1), leads to the absurd result that Appellees' fraudulent use of liens was not a crime.***

Under the Second District Court of Appeals' reasoning, Appellees' actions of filing false liens were not crimes because if this case is not a crime under section 32.46(a)(1), there is not another section under which this specific crime would fall. The objectives of the Texas Penal Code are "to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate." Tex. Penal Code Ann. § 1.02

15

(Vernon 2011). The Code is not to be strictly construed, but "shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code." Tex. Penal Code Ann. § 1.05 (Vernon 2011). To deal with Appellees' conduct that harmed Ms. Hall, section 32.46 must be construed according to the fair meaning of its language to promote justice for Ms. Hall. *See* Tex. Penal Code §§ 1.02, 1.05.

This case would not fit under section 32.46(a)(2), as the sworn affidavits filed by Appellees were not documents purported to be from a false court. *See* Tex. Penal Code § 32.46.[6] This case also would not fall under section 32.49, refusal to execute release of a fraudulent lien or claim, as there was no evidence that the victim followed the necessary steps under section 32.49(a)(2) by sending notice that she requested Appellees to release the liens. *See* Tex. Penal Code Ann. § 32.49 (Vernon 2011). While if the victim had followed the procedures necessary in section 32.49 and there may have been a case against Appellees if they had not released the liens, Appellees were the ones who filed the

---

[6]  Subsection (a)(2) was added to Section 32.46 in 1997 in an effort to criminalize the filing of fraudulent judgments and other documents purporting to create invalid liens against public officials and private citizens (Appendix F). The new subsection added the more specific crime of filing sovereign citizen documents but also discussed the ongoing problem of people filing false liens with the county clerks in the state (Appendix F). Despite subsection (a)(1) already being in existence before the 1997 amendment, the Legislature intended to criminalize Appellees' actions, as evidenced by the bill analysis, and this case falls under the portion of the statute that was in existence before the 1997 amendment (*see* Appendix F). *See* Tex. Penal Code § 32.46.

fraudulent liens regardless of whether the victim asked for a release per the statute, and Appellees should still be criminally responsible for their actions. *See* Tex. Penal Code §§ 32.46, 32.49. Holding otherwise would place a further burden on the victim, in addition to already having the false lien filed against her property. *See* Tex. Penal Code §§ 32.46, 32.49. In addition, that section of the Code is criminalizing the refusal to execute a release of the fraudulent lien, and section 32.46 criminalizes acts that put fraudulent liens into effect in an effort to protect documentary integrity. *See* Tex. Penal Code § 32.46, 32.49; *Wiesman*, 269 S.W.3d at 776. Appellees' actions would also not fall under Texas Penal Code section 32.21, forgery, as Appellees did not make the false liens purporting to be the act of another, to have been executed at a time or place or in a numbered sequence other than was in fact the case, or that the liens were copies of an original that did not exist. *See* Tex. Penal Code Ann. § 32.21 (Vernon 2011).

Even if this Court finds that Appellees' actions could have fallen under another statute in the Texas Penal Code, this Court should try to harmonize the two statutes, but the more specific statute shall govern any more general statute. *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988); *see Avery v. State*, 359 S.W.3d 230, 236-237 (Tex. Crim. App. 2012) (overlapping statutory provisions should not be held mutually exclusive). Thus, here, where section 32.46(a)(1) specifically deals with someone having another execute a document by

17

deception, Appellees' actions should fall under 32.46(a)(1). *See* Tex. Penal Code § 32.46(a)(1); *Cheney*, 755 S.W.2d at 126.

"When a statute is unambiguous, we must give effect to the plain meaning of the words unless doing so would lead to absurd results." *Uribe v. State*, 7 S.W.3d 294, 296 (Tex. App.—Austin 1999, pet. ref'd) (court found that in an "indecency with a child by exposure" case, it did not matter whether the child saw the appellant's genitals; the accused's intent was controlling); *see Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). If a statute is ambiguous or leads to absurd results, a court may consider legislative history. *Boykin*, 818 S.W.2d at 785-86. When the Legislature added subsection (a)(2) to section 32.46, it discussed the problem of individuals filing fraudulent documents purporting to create liens on real property with county clerks throughout the state (Appendix F). These types of filings would not clearly fit under section 32.46(a)(2) if they were not from a purported court or judicial officer, but the Legislature wanted these acts to be criminal (Appendix F). *See* Tex. Penal Code Ann. § 32.46(a)(2) (Vernon Supp. 2014). Therefore, the county clerk executed Appellees' statutory liens; another reading of section 32.46 would lead to the absurd result of Appellees not committing a crime by filing the fraudulent liens (3 R.R. at 32-34, 52, 54-63, 109-10, 114, 121-22, 128-29, 131, 133-34, 151-52, 154, 158; State's Exhibits 1-3). *See Uribe*, 7 S.W.3d at 296; Tex. Penal Code Ann. § 32.46 (Vernon Supp. 2014).

18

Under the Second District Court of Appeal's opinion, the fraudulent conduct by Appellees, conduct that compromises the documentary integrity of liens, is not a crime.

***The bill analysis from the 1997 amendment to section 32.46 shows the Legislature's concerns with fraudulent documents, including liens, and documentary integrity.***

The bill analysis to the 1997 amendment to section 32.46 began by discussing problematic fraudulent filings (Appendix F). The analysis cited both filings that were invalid judgments from unrecognized courts, and liens, like the fraudulent filing here (Appendix F). The analysis explained that both public and private officials have been harmed and that these fraudulent documents are "clogging the channels of commerce" (Appendix F). The analysis then went on to discuss each of the bill's statutes and amendments to statutes to try to combat the fraudulent document problem, including statutes regarding documents stimulating the legal process, failure to release liens, perjury, tampering with government records, impersonating public officers, fraudulent financial statements, fraudulent judgment liens, and civil remedies available for persons harmed by fraudulent documents, liens, and/or claims (Appendix F). All of these statutes and amendments illustrate the Legislature's concern with fraudulent documents (Appendix F).

Sections 13, 14, and 19 further highlight this intention, specifically in the context of the Legislature's concern over fraudulent liens (Appendix F). Section 13 and 19 requires district and county clerks to complete one hour of continuing education regarding fraudulent court documents and fraudulent document filings. *Id.* Section 14 added a subsection to the Government Code section governing clerks of courts that included steps for clerks to take when they have a reasonable basis to believe that a lien filed was fraudulent, including giving the owner of the subject property notice of the fraudulent lien. *Id.*; *see* Gov't Code Ann. § 51.901 (Vernon 2013).

This bill analysis clearly shows the Legislature's concern with fraudulent documents being filed with clerks, including liens (*see* Appendix F). The 1997 legislature added and amended many statutes in order to prevent, criminalize, and give relief to the victims of fraudulent liens (*see* Appendix F). Given the Legislature's concern with fraudulent liens, the Legislature would have certainly wanted Appellees' actions to be criminal, and would not want to limit section 32.46(a)(1) so that individuals who present fraudulent liens to clerks do *not* fall under section 32.46(a)(1) (*see* Appendix F). Tex. Penal Code § 32.46.

***The Legislature intended to criminalize the act of causing a court clerk to file and record a fraudulent lien under Texas Penal Code section 32.46(a)(1).***

The Legislature included "execute" in section 32.46(a)(1) for a reason, and "execute" should be given effect. The verbs "file or record" and "sign or execute"

20

may overlap and should not be the focus of section 32.46 over the deception and the documents involved in the deception. The Legislature intended to criminalize Appellees' actions as evidenced above, and finding that their actions were not criminal is an absurd result. Therefore, the evidence was sufficient in this case to convict Appellees of securing of execution of a document by deception because the clerk's actions amounted to the clerk executing the fraudulent liens under section 32.46(a)(1).

## THE STATE'S SECOND ISSUE PRESENTED

**A clerk's actions of filing and recording a lien equate to "signing or executing" under Texas Penal Code section 32.46(a)(1).**

*Appellees' statutory liens were only legally effective after Appellees filed the liens with the county clerk; therefore, the liens were only executed once the clerk filed and recorded the liens.*

Although a constitutional lien is self-executing in Texas, a statutory lien exists through compliance with applicable statutes. *Trinity Drywall Sys. v. TOKA Gen. Contrs., Ltd.*, 416 S.W.3d 201, 207-09 (Tex. App.—El Paso 2013, pet. denied); Tex. Const. art. XVI, § 37; Tex. Prop. Code Ann. § 53.001 (Vernon 2007). There are no notice or filing requirements for a constitutional lien to attach to property, but the constitutional lien is not self-enforcing and statutes provide for the enforcement of a lien. *CVN Grp. v. Delgado*, 95 S.W.3d 234, 246-47 (Tex. 2002). "[T]he statutory lien has become the primary vehicle for contract or protection." *Id.* at 247; Tex. Prop. Code Ann. §§ 53.001-53.260

21

(Vernon 2007, Vernon Supp. 2014). Chapter 53 of the Texas Property Code sets forth such a lien, and under that chapter a lienholder must meet specific requirements for perfecting and enforcing the lien, including specific filing and notice requirements. *Delgado*, 95 S.W.3d at 247; *see* Tex. Prop. Code Ann. §§ 53.021, 53.057 (Vernon Supp. 2014); Tex. Prop. Code Ann. §§ 53.022-53.056, 53.251-53.260 (Vernon 2007). Under section 53.052, a person claiming the lien must file an affidavit with the county clerk to perfect the lien. Tex. Prop. Code Ann. § 53.052 (Vernon 2007).

Here, in order for Appellees to enforce their purported statutory liens, they had to perfect them; that is, they had to file the liens with the county clerk in order to have the ability to enforce the liens under the Property Code. *See Delgado*, 95 S.W.3d at 246-47; Tex. Prop. Code § 53.052. "Execute" is defined as "to carry out fully: put completely into effect" or "to perform what is required to give validity to." "execute." *Merriam-Webster Online Dictionary*. 2014. http://www.merriam-webster.com/dictionary/execute (21 Oct. 2014). When the county clerk filed the liens, she was performing what was necessary to give validity to Appellees' statutory liens and put those statutory liens into effect towards subsequent purchasers. *See id.*; Tex. Prop. Code § 53.052. By filing and recording Appellees' liens, the county clerk "executed" the lien affidavits under the Texas Property Code. *See* Tex. Prop. Code § 53.052;

"execute." *Merriam-Webster Online Dictionary*. 2014. http://www.merriam-webster.com/dictionary/execute (21 Oct. 2014). While it is true that Appellees would have had self-executing liens against the victim in this case if they had filled out affidavits and kept them in a drawer, they only had valid statutory liens once the affidavits were filed and recorded; thus, those statutory liens were executed once the clerk filed and recorded the affidavits. *See* Tex. Prop. Code § 53.052; *Delgado*, 95 S.W.3d at 246-47; *Trinity Drywall Sys.*, 416 S.W.3d at 207-09.

### A clerk's actions of filing and recording a lien equate to "signing or executing" under Texas Penal Code section 32.46(a)(1).

A statutory lien is only valid and executed once it is filed and recorded; thus, when a clerk files and records a lien, that lien is executed under section 32.46(a)(1). *See* Tex. Penal Code § 32.46(a)(1); Tex. Prop. Code § 53.052.

## PRAYER

WHEREFORE, the State of Texas prays that the Court reverse the judgment of the Second District Court of Appeals, find that the evidence is sufficient to uphold Appellees' convictions, and affirm the judgment of the trial court.

Respectfully submitted,

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division

**LARA TOMLIN**
Assistant Criminal District Attorney
1450 East McKinney, #3100
Denton, Texas   76209
State Bar No. 24075169
(940) 349-2600
FAX (940) 349-2751

24

## CERTIFICATE OF COMPLIANCE

The State certifies that the State's Brief on the Merits in the instant cause contains a word count of 5284, said count being generated by the computer program Microsoft Word that was used to prepare the document.

**LARA TOMLIN**
Assistant Criminal District Attorney

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been sent by United States Mail, postage prepaid, to counsel for Appellee, Matthew J. Kita, P.O. Box 5119, Dallas, Texas, 75208, and to Matthew Paul, State Prosecuting Attorney, P.O. Box 12405, Austin, Texas, 78711-2405, on this, the 11th day of March 2015.

**LARA TOMLIN**
Assistant Criminal District Attorney

25

# APPENDIX A

[ Orders Denying "State's Motion For Rehearing" ]



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00177-CR

AARON LIVERMAN             APPELLANT

V.

THE STATE OF TEXAS             STATE

------------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NO. F-2012-0137-D

------------

## ORDER

------------

We have considered the "State's Motion For Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of October 9, 2014 stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

SIGNED November 20, 2014.

FILE COPY

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00176-CR

ROGER LIVERMAN                                        APPELLANT

V.

THE STATE OF TEXAS                                        STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2012-0136-D

------------

## ORDER

------------

We have considered the "State's Motion For Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of October 9, 2014 stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

SIGNED November 20, 2014.

FILE COPY

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

# APPENDIX B

[ Orders Granting "State's Amended Motion For The Change In Notation Of Opinion To 'Publish'" ]



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00177-CR

AARON LIVERMAN                                        APPELLANT

V.

THE STATE OF TEXAS                                        STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2012-0137-D

------------

## ORDER

------------

We have considered the "State's Amended Motion For The Change In Notion Of Opinion To "Publish"."

The motion is **GRANTED.** It is ordered that the court's opinion of October 9, 2014 shall be published.

The clerk of this court is directed to transmit a copy of the order to the attorneys of record and all interested parties.

SIGNED November 20, 2014.

FILE COPY

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00176-CR

ROGER LIVERMAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2012-0136-D

------------

## ORDER

------------

We have considered the "State's Amended Motion For The Change In Notion Of Opinion To "Publish"."

The motion is **GRANTED.** It is ordered that the court's opinion of October 9, 2014 shall be published.

The clerk of this court is directed to transmit a copy of the order to the attorneys of record and all interested parties.

SIGNED November 20, 2014.

FILE COPY

/s/ Bill Meier

**BILL MEIER**
**JUSTICE**

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

2

# APPENDIX C

[ Excerpt from Penal Code in Effect Before 1973 ]

# VERNON'S ANNOTATED

# PENAL CODE

OF THE

# STATE OF TEXAS

Volume 2A

Penal Code
Articles 979–1268

TRADE AND COMMERCE
OFFENSES AGAINST THE PERSON

KANSAS CITY, MO.
VERNON LAW BOOK COMPANY

Copyright, 1961

by

VERNON LAW BOOK COMPANY

## Art. 1000. [941] [546] [447] Falsely reading instrument

Whoever with intent to defraud shall, either by falsely reading, or falsely interpreting, any pecuniary obligation or instrument in writing, which would in any manner affect property, or by misrepresenting its contents, induce any one to sign such instrument as his act, or give assent to it in such manner as would make it his act, if not done under mistake, shall be confined in the penitentiary not less than two nor more than five years. O.C. 447.

### Notes of Decisions

Evidence 3
Offense 2
Validity 1

Library references
Fraud ☞68.
C.J.S. Fraud § 154.
Form, indictment. Willson's Texas Criminal Forms, 6th Ed., § 1258.

1. Validity

This article proscribing misrepresentation "inducing" signature or assent to instrument affecting property, was not unconstitutionally indefinite, notwithstanding use of quoted word. McLarty v. State (1957) 165 Cr.R. 64, 302 S.W.2d 420.

2. Offense

The mere fact that a deed absolute on its face may have been intended as a mortgage will not preclude a prosecution under this article. Nor would the fact that a deed to a homestead absolute in form may be shown by parol to be intended as security for a loan, convey no title, change the fact that the instrument was legitimate subject for prosecution under this article. Lewis v. State (1905) 48 Cr.R. 149, 86 S.W. 1028.

3. Evidence

In prosecution for misrepresenting a written instrument affecting property, evidence of several extraneous offenses of defendant was admissible on issue of motive and intent to commit offense charged. Ernster v. State (1958) 165 Cr.R. 422, 308 S.W.2d 33.

## Art. 1001. [942] [547] [448] Substituting one instrument for another

Whoever with intent to defraud shall substitute one instrument in writing for another, and by this means induce any person to sign an instrument materially different from that which he intended to sign, shall be confined in the penitentiary not less than two nor more than five years. O.C. 448.

Library references: Fraud ☞68; C.J.S. Fraud § 154.
Form: Indictment. Willson's Texas Criminal Forms, 6th Ed., § 1259.

## Art. 1002. [943] Altering or injuring public records

If any person, without authority of law, shall wilfully and maliciously change, alter, mutilate, destroy, deface or injure any book, paper, record or any other document, required or permitted by law to be kept by any officer within this State, he shall be fined not exceeding five thousand dollars, or imprisoned in the penitentiary not less than one nor more than five years. Acts 1899, p. 301.

### Cross References

Records generally, see Vernon's Ann.Civ.St. art. 6574 et seq.

## Notes of Decisions

Evidence 4
Indictment 3
Instructions 5
Offense 1, 2
    "Public record" 2

---

### Library references

Forgery ⊜15.
C.J.S. Forgery § 29.
Form, indictment. Willson's Texas Criminal Forms, 6th Ed., § 1260.

### 1. Offense

The written answers of applicants for teachers' certificates to questions asked on examination, which must be forwarded to the state superintendent of education and kept by him until delivered to the state board of examiners for grading, are papers required by law to be kept by a state officer, so that their malicious destruction is a felony. After the answers of applicants for teachers' certificates to the examination questions had been delivered to an employé of the state superintendent, they were thereafter in his keeping, so that one who procured them from the express company, by which they were shipped to the state superintendent, and destroyed them, was guilty of destroying documents in the keeping of a public officer. Smith v. State (1920) 87 Cr.R. 219, 220 S.W. 552.

False entry in new cashbook intended to be part of county books of account was not "mutilation, destruction, defacing, or altering of public record" within this article. Nogueira v. State (1933) 123 Cr.R. 449, 59 S.W.2d 831.

### 2. —— "Public record"

Cashbook could not be styled "public record," within this article until something had been recorded therein by some one authorized to do so. Nogueira v. State (1933) 123 Cr.R. 449, 59 S.W.2d 831.

### 3. Indictment

In an indictment for violation of this article, the commission of the offense by altering, changing, mutilating, destroying, and injuring the documents may be alleged conjunctively, though they are inconsistent with each other. Where the prosecution relied on the destruction of documents in the keeping of a state officer for conviction, it was not necessary to allege the manner of destruction, and allegations of alteration were surplusage, so that the indictment was not invalid for failure to state the manner of alteration. Smith v. State (1920) 87 Cr.R. 219, 220 S.W. 552.

### 4. Evidence

In prosecution of county judge who had had controversy with members of commissioners' court concerning purchase of road machinery and had erased from minutes of meeting recital that he had retired from courtroom and refused to act as chairman, and other recitals showing election of another chairman, evidence was insufficient to sustain conviction for willfully and maliciously altering a public record. Garlington v. State (1937) 133 Cr. R. 218, 109 S.W.2d 752.

### 5. Instructions

In prosecution of county judge for altering a public record by erasing from minutes of meeting of commissioners' court recital that he had retired from courtroom and refused to act as chairman and other recitals showing election of another chairman, judge's charge for acquittal if jury entertained a reasonable doubt on question whether he believed he had right to correct minutes by making erasure should have been submitted, where charge submitting that issue embraced conditions more burdensome to judge than evidence warranted. Garlington v. State (1937) 133 Cr.R. 218, 109 S.W. 2d 752.

# Art. 1003. [944] [548] [449] Falsely personating another

If one shall falsely personate another, whether bearing the same name or not, and, in such assumed character, shall give authority to any person to sign such assumed name to any instrument in writing which, if genuine, would create, increase, diminish or discharge any pecuniary obligation, or would transfer, or in any way affect any property, he shall be confined in the penitentiary not less than two nor more than seven years. O.C. 449.

Library references: False Personation ⊜1, 2; C.J.S. False Personation §§ 1–3.
Form: Indictment. Willson's Texas Criminal Forms, 6th Ed., § 1261.

# APPENDIX D

[ Excerpt from Penal Code in Effect in 1925 from the Texas State Law Library Website ]

# Penal Code

## of the

# State of Texas

ADOPTED AT THE REGULAR SESSION OF THE
THIRTY-NINTH LEGISLATURE
1925



PUBLISHED BY AUTHORITY OF THE STATE OF TEXAS



A. C. BALDWIN & SONS
STATE PRINTERS
AUSTIN

## A BILL
## TO BE ENTITLED

"AN ACT to Adopt and Establish a 'PENAL CODE' and a 'CODE OF CRIMINAL PROCEDURE' for the State of Texas."

*Be It Enacted by the Legislature of the State of Texas:*

SECTION 1. The following Titles, Chapters and Articles are hereby adopted and shall hereafter constitute and be known as the PENAL CODE of the State of Texas:

# TITLE 14

## TRADE AND COMMERCE.

| | Chapter | | | Chapter |
|---|---|---|---|---|
| Offenses Affecting Written Instruments | 1 | | Blue Sky Law | 8 |
| Forgery of Land Titles, Etc. | 2 | | Agricultural and Livestock Pools | 9 |
| Counterfeiting | 3 | | Protecting Movement of Commerce | 10 |
| Warehouses and Cotton | 4 | | Gasoline and Petroleum Products | 11 |
| Weights and Measures | 5 | | | |
| Labels, Trade Marks, Etc. | 6 | | | |
| Assumed Name | 7 | | Miscellaneous Offenses | 12 |

## CHAPTER ONE.

## OFFENSES AFFECTING WRITTEN INSTRUMENTS.

| | Article | | | Article |
|---|---|---|---|---|
| "Forgery" | 979 | | Filling up over signature | 992 |
| Forgery of will | 980 | | Person not guilty, when | 993 |
| Forgery of obligation of foreign government | 981 | | Altering teacher's certificate | 994 |
| | | | Penalty for forgery | 995 |
| Passing obligation of foreign government | 982 | | Passing forged instrument | 996 |
| | | | Preparing implements for forgery | 997 |
| Possession of obligation of foreign government | 983 | | Possession with intent to pass | 998 |
| Alteration also forgery | 984 | | Evidence in case of bank bills | 999 |
| Intent necessary | 985 | | Falsely reading instrument | 1000 |
| "Instrument in writing" | 986 | | Substituting one instrument for another | 1001 |
| "Alter" | 987 | | Altering or injuring public records | 1002 |
| "Another" | 988 | | | |
| "Pecuniary obligation" | 989 | | Falsely personating another | 1003 |
| "Transferred or in any manner have affected" | 990 | | False personation in acknowledgments | 1004 |
| All participants guilty | 991 | | Procedure | 1005 |

Art. 979. [924] [530] [431] **"Forgery".**—He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever. [O. C. 431.]

Art. 980. **Forgery of will.**—Any person who executes what purports to be the last will and testament of another, without the consent of such other person, is also guilty of forgery. Prosecution under this article may be begun at any time after such forgery is committed and within five years after the death of the purported testator, but not thereafter. [Acts 1919, p. 119.]

Art. 981. **Forgery of obligation of foreign government.**—He is guilty of forgery who without lawful authority and with intent to injure or defraud shall falsely make, alter forge or counterfeit any bond, certificate, obligation, or instrument in writing having a value or purporting to be of value issued by or purporting to be issued by or under the authority or direction of any foreign government or de facto foreign government, or any officer or agent of any foreign government or de facto foreign government, or any person or persons claiming to act by or under the authority of any foreign government or de facto foreign government or claiming by right of any office, military

or civil, to have a right in any foreign country to issue money, bills of exchange, notes, or any papers circulating as money or mediums of exchange in any foreign country or portion thereof, or purporting to be redeemable in money or other thing of value, and any person violating any of the provisions of this article shall be punished as provided in article 995. [Act Sept. 16, 1914.]

Art. 982. **Passing obligation of foreign government.**—If any person shall knowingly pass as true or attempt to pass as true any such forged instrument in writing as is mentioned and defined in article 981 he shall be punished as provided by article 996. [Act Sept. 16, 1914.]

Art. 983. **Possessing of obligation of foreign government.**— If any person shall knowingly have in his possession any instrument of writing, the making of which is by law an offense under the provisions of article 981 hereof, with intent to use or pass the same as true, he shall be punished as is provided in article 998. [Act Sept. 16, 1914.]

Art. 984. [925] [531] [432] **Alteration also forgery.**—He is also guilty of forgery who, without lawful authority, and with intent to injure or defraud, shall alter an instrument in writing then already in existence, by whomsoever made, in such manner that the alteration would (if it had been legally made) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever. [O. C. 432.]

Art. 985. [926] [532] [433] **Intent necessary.**—The false making or alteration, to constitute forgery, must be done with intent to injure or defraud, and the injury must be such as affects one pecuniarily, or in relation to his property. [O. C. 442.]

Art. 986. [927] [533] [434] **"Instrument in writing".**— The words "Instrument in writing," as used in this chapter, include every writing purporting to make known or declare the will or intention of the party whose act it purports to be, whether the same be of record or under seal or private signature, or whatever other form it may have. It must be upon paper or parchment, or some substance, made to resemble either of them. The words may be written, printed, stamped or made in any other way, or by any other device. And the words "in writing," "write," "written," include all these modes of making. An instrument, partly printed or stamped, and partly written, is an instrument in writing. In order to come within the definition of forgery, the signature, when made otherwise than by writing, must be made to resemble manuscript. [O. C. 434.]

Art. 987. [928] [534] [435] **"Alter"**—The word "alter," in the definition of forgery, means to erase or obliterate any word, letter or figure, to extract the writing altogether, or to substitute other words, letters or figures for those erased, obliterated or extracted, to add any other word, letter or figure to

the original instrument, or to make any other change whatever which shall have the effect to create, increase, diminish, discharge or defeat a pecuniary obligation, or to transfer, or in any other way affect any property whatever. [O. C. 438.]

Art. 988. [929] [535] [436] "Another".—The instrument must purport to be the act of "another," and within the meaning of this word, as used in defining forgery, are included this State, the United States, or either of the States or Territories of the Union; all the several branches of the government or either of them; all public or private bodies, politic and corporate; all courts; all officers, public or private, in their official capacity; all partnerships in professions or trades; and all other persons, whether real or fictitious, except the person engaged in the forgery. [O. C. 439.]

Art. 989. [930] [536] [437] "Pecuniary obligation". — "Pecuniary obligation" means every instrument having money for its object, and every obligation for the breach of which a civil action for damages may be lawfully brought. [O. C. 440.]

Art. 990. [931] [537] [438] "Transferred or in any manner have affected".—By an instrument which would "have transferred or in any manner have affected" property, is meant every species of conveyance, or undertaking in writing, which supposes a right in the person purporting to execute it, to dispose of or change the character of property of every kind, and which can have such effect when genuine. [O. C. 441.]

Art. 991. [932] [538] [439] All participants guilty.—One is guilty of making or altering, who, knowing the illegal purpose intended, shall write, or cause to be written, the signature, or the whole or any part of a forged instrument. All persons engaged in the illegal act are deemed guilty of forgery. [O. C. 435.]

Art. 992. [933] [539] [440] Filling up over signature.— It is a forgery to make, with intent to defraud or injure, a written instrument, by filling up over a genuine signature, or by writing on the opposite side of a paper so as to make the signature appear as an indorsement. [O. C. 436.]

Art. 993. [934] [540] [441] Person not guilty, when.— When the person making or altering an instrument in writing acts under an authority which he has good reason to believe, and actually does believe, to be sufficient, he is not guilty of forgery, though the authority be in fact insufficient and void. [O. C. 437.]

Art. 994. [935] Altering teacher's certificate.—Whoever shall wilfully raise, change, or alter any teacher's certificate or diploma, or other instrument having the force of a teacher's certificate, shall be deemed guilty of forgery. [Acts 1893, p. 205.]

Art. 995. [936] [541] [442] Penalty for forgery.—Any person guilty of forgery shall be confined in the penitentiary not less than two nor more than seven years. [O. C. 433.]

Art. 996. [937] [542] [443] Passing forged instrument.— If any person shall knowingly pass as true, or attempt to pass as true, any such forged instrument in writing as is mentioned

and defined in the preceding articles of this chapter, he shall be confined in the penitentiary not less than two nor more than five years. [O. C. 443.]

Art. 997. [938] [534] [444] **Preparing implements for forgery.**—Whoever shall prepare in this State any implements or materials, or engrave any plate for the purpose of being used in forging the notes of any bank, whether within this State or out of it, and whether the same be incorporated or not, or who shall have in his possession in this State any such implements, materials or engraved plate, with intent to be used for the purpose above mentioned, shall be confined in the penitentiary not less than two nor more than five years. [O. C. 444.]

Art. 998. [939] [544] [445] **Possession with intent to pass.**—If any person shall knowingly have in his possession any instrument of writing, the making of which is by law an offense, with intent to use or pass the same as true, he shall be confined in the penitentiary not less than two nor more than five years. [O. C. 445, Acts 1858, p. 169.]

Art. 999. [940] [545] [446] **Evidence in case of bank bills.**—Upon a trial for forgery of any bank bill, or for passing or attempting to pass any such bill as true, or for knowingly having in possession any such forged bank bill, evidence that bills or notes purporting to be issued by any bank are commonly received as currency, or proof of the existence of such bank by parol testimony, shall be deemed sufficient to show its legal establishment and existence. [O. C. 446.]

Art. 1000. [941] [546] [447] **Falsely reading instrument.**—Whoever with intent to defraud shall, either by falsely reading, or falsely interpreting, any pecuniary obligation or instrument in writing, which would in any manner affect property, or by misrepresenting its contents, induce any one to sign such instrument as his act, or give assent to it in such manner as would make it his act, if not done under mistake, shall be confined in the penitentiary not less than two nor more than five years. [O. C. 447.]

Art. 1001. [942] [547] [448] **Substituting one instrument for another.**—Whoever with intent to defraud shall substitute one instrument in writing for another, and by this means induce any person to sign an instrument materially different from that which he intended to sign, shall be confined in the penitentiary not less than two nor more than five years. [O. C. 448.]

Art. 1002. [943] **Altering or injuring public records.**—If any person, without authority of law, shall wilfully and maliciously change, alter, mutilate, destroy, deface or injure any book, paper, record or any other document, required or permitted by law to be kept by any officer within this State, he shall be fined not exceeding five thousand dollars, or imprisoned in the penitentiary not less than one nor more than five years. [Acts 1899, p. 301.]

Art. 1003. [944] [548] [449] **Falsely personating another.**—If one shall falsely personate another, whether bearing the

same name or not, and, in such assumed character, shall give authority to any person to sign such assumed name to any instrument in writing which, if genuine, would create, increase, diminish or discharge any pecuniary obligation, or would transfer, or in any way affect any property, he shall be confined in the penitentiary not less than two nor more than seven years. [O. C. 449.]

Art. 1004. [945] [549] [450] **False personation in acknowledgments.**—If any person shall falsely personate another whether bearing the same name or not, and in such assumed character shall, before any officer authorized by law to authenticate instruments of writing for registration, acknowledge the execution of an instrument of writing purporting to convey, or in any manner affect, an interest in property, such instrument purporting to be the act of the person whose name is so assumed, and the acknowledgment thereof being such as would entitle the instrument to be registered, he shall be confined in the penitentiary not less than two nor more than ten years. [O. C. 450.]

Art. 1005. [946] [549a] [450a] **Procedure.**—A conviction for any offense mentioned in articles 979, 996 and 998 shall be a bar to any other prosecution under said articles based upon the same transaction or same forged instrument of writing. One or more of said several offenses may be charged in separate counts in the same indictment, and prosecuted together to final judgment without election by the State as to which it relies upon for a conviction. A judgment of conviction shall specify which offense or under which count the defendant is found guilty, and shall assess but one penalty not exceeding the greatest punishment fixed by law to the highest grade of offense of which defendant is convicted. It is unlawful for any county or district attorney, or any person acting as such, to wilfully or knowingly demand or receive fees for more than one prosecution that could have been combined or prosecuted in one indictment, subject to the penalties prescribed by law for the punishment of extortion of illegal fees. [Acts 1895, p. 106.]

## CHAPTER TWO.

### FORGERY OF LAND TITLES, ETC.

| Article | | Article |
|---|---|---|
| "Forgery of patents, etc........1006 | Non-residents may commit.......1009 | |
| False certificate by officers......1007 | Proof and allegations............1010 | |
| Knowingly uttering forged instruments.......................1008 | Rules in forgery applicable......1011 | |

Art. 1006. [947] [550] [451] **"Forgery of patents," etc.** —Every person who falsely makes, alters, forges, or counterfeits, or causes or procures to be falsely made, altered, forged, or counterfeited, or in any way aids, assists, advises, or encourages the false making, altering, forging, or counterfeiting of any certificate, field notes, returns, survey, map, plat, report, order, decree, record, patent, deed, power of attorney, transfer, assignment, release, conveyance, or title paper, or acknowledgement,

# APPENDIX E

[ Excerpt from 1974 Vernon's Code Annotated ]

*Vernon's*

# TEXAS CODES ANNOTATED

~~~~~~

PENAL CODE

Sections 28.01 to 35

ST. PAUL, MINN.

WEST PUBLISHING CO.

COPYRIGHT © 1974
By
WEST PUBLISHING CO.

3 V.T.C.A. Penal Code

3rd Reprint—1987

### Cross References

Aggregation of amounts involved in fraud, see § 32.03.
"Benefit" defined, see § 1.07(a)(6).
Class A misdemeanor punishment, see § 12.21.
"Financial institution" defined, see § 32.01(1).
"Intentionally" and "knowingly" defined, see § 6.03(a), (b).
"Law" defined, see § 1.07(a)(20).
Official misconduct, see § 39.01.
"Owner" defined, see § 1.07(a)(24).
"Person" defined, see § 1.07(a)(27).
"Property" defined, see § 32.01(2).
"Recklessly" defined, see § 6.03(c).
Second-degree felony punishment, see § 12.33.
Theft, see § 31.01 et seq.
Third-degree felony punishment, see § 12.34.
Value of property, see § 32.02.

### Library References

Embezzlement ⊂∞1 et seq., 52.        C.J.S. Embezzlement §§ 1 et seq., 48.

## § 32.46.    Securing Execution of Document by Deception

(a) A person commits an offense if, with intent to defraud or harm any person, he, by deception, causes another to sign or execute any document affecting property or service or the pecuniary interest of any person.

(b) An offense under this section is a felony of the third degree.

### PRACTICE COMMENTARY

*By Seth S. Searcy III and James R. Patterson*
*of the Austin Bar*

This section is slightly broader than Penal Code arts. 1000 and 1001 (falsely reading or substituting instrument), since it covers any form of deception while those articles recited specific kinds of deception.

The offense consists of two principal elements—intent to defraud or harm and a deception that causes another to sign or execute a document affecting property, service, or pecuniary interest. "Deception" is not defined for this chapter and the kinds of conduct included must be determined by the courts. It is defined for Chapter 31 (theft), however, and that definition may provide some guidance, see Section 31.01.

This offense is complete even though the actor does not intend to benefit himself or others, and by virtue of the definition of "harm," see Section 1.07, it is not necessary that the injury intended be financial.

## Historical Note

Prior Law: Vernon's Ann.P.C. arts. 1000, 1001, 1003.

Comparative Laws:
Model Penal Code (1962), § 224.14.

## Cross References

Causation, see § 6.04.
"Harm" defined, see § 1.07(a)(16).
"Person" defined, see § 1.07(a)(27).
"Property" defined, see § 32.01(2).
"Service" defined, see § 32.01(3).
Third-degree felony punishment, see § 12.34.

## Library References

Fraud ☞68, 69.

C.J.S. Fraud §§ 154, 155 et seq.

## Notes of Decisions

In general 2
Evidence 3
Validity of prior laws 1

### 1. Validity of prior laws

Vernon's Ann.P.C. art. 1000 (repealed), proscribing misrepresentation "inducing" signature or assent to instrument affecting property, was not unconstitutionally indefinite, notwithstanding use of quoted word. McLarty v. State (1957) 165 Cr.R. 64, 302 S.W.2d 420.

### 2. In general

The mere fact that a deed absolute on its face may have been intended as a mortgage would not preclude a prosecution under Vernon's Ann.P.C. art. 1000 (repealed); nor would the fact that a deed to a homestead absolute in form may be shown by parol to be intended as security for a loan, conveying no title, change the fact that the instrument was legitimate subject for prosecution under said article. Lewis v. State (1905) 48 Cr.R. 149, 86 S.W. 1028.

When evidence showed violation of Vernon's Ann.P.C. repealed arts. 1000, 1001, regarding unlawful substitution of instruments and false interpretation of written instrument, State had right to elect offense for which it would prosecute. Stone v. State (1961) 171 Cr.R. 201, 346 S.W.2d 323.

### 3. Evidence

In prosecution for misrepresenting a written instrument affecting property, evidence of several extraneous offenses of defendant was admissible on issue of motive and intent to commit offense charged. Ernster v. State (1958) 165 Cr.R. 422, 308 S.W.2d 33.

Evidence sustained conviction of false interpretation of written instrument. Stone v. State (1961) 171 Cr.R. 201, 346 S.W.2d 323.

## § 32.47.  Fraudulent Destruction, Removal, or Concealment of Writing

(a) A person commits an offense if, with intent to defraud or harm another, he destroys, removes, conceals, alters, substitutes, or otherwise impairs the verity, legibility, or availability of a writing, other than a governmental record.

(b) For purposes of this section, "writing" includes:

(1) printing or any other method of recording information;

(2) money, coins, tokens, stamps, seals, credit cards, badges, trademarks;

# APPENDIX F

[ House Comm. On Criminal Jurisprudence, Bill Analysis,
Tex. H.B. 1185, 75th Leg., R.S. (1997) ]

CRIMINAL JURISPRUDENCE
C.S.H.B. 1185
By: Hightower
3-3-97
Committee Report (Substituted)

## BACKGROUND

During the last two years, individuals and organizations have begun to take action based on their refusal to recognize the authority and sovereignty of the government of the State of Texas. These individuals have filed fraudulent judgment liens issued by so-called "common law courts" and fraudulent documents purporting to create liens or claims on personal and real property with the Secretary of State and many county and district clerks throughout the state. Many of the filings have been against the State of Texas and public officers and employees, as well as private individuals. At a minimum, the fraudulent filings have clogged the channels of commerce, an intended and espoused consequence advocated by so-called anti-government groups. Often these filings have amounted to harassment and intimidation of both public officials and ordinary citizens.

## PURPOSE

CSHB 1185, if enacted, would provide civil remedies for those against whom such fraudulent filings have been made. In addition, it would provide for criminal sanctions to be levied against those who seek to file such fraudulent documents. The bill would amend the Penal Code by making it an offense to file a fraudulent court document or record, to exercise a function of a public office that has no lawful existence, to cause or induce a public servant to record a fraudulent court document, to deliver or cause to be delivered a document that simulates legal process, and to refuse to execute a release of a fraudulent instrument purporting to create a lien or claim. Additionally, the bill would make it a violation of the organized crime provisions of the Penal Code to exercise a function of a public office that has no lawful existence. The bill would create an expedited judicial process that permits someone aggrieved by a fraudulent filing to obtain a court order declaring the filing to be fraudulent. The bill would also create a private cause of action against a person who files fraudulent judgment liens or fraudulent documents purporting to create a lien or claim against real or personal property in favor of a person aggrieved by the filing or an attorney representing the state, county, or municipality.

## RULEMAKING AUTHORITY

It is the committee's opinion that this bill does not expressly grant any additional rulemaking authority to a state officer, department, agency or institution.

## SECTION BY SECTION ANALYSIS

SECTION 1. Amends Sections 32.21 (e) and (f), Penal Code, by deleting "37.01(1)(C)" and adding "37.01(2)(C)" in subsections (e) and (f). SECTION 5 of this bill amends 37.01, by adding a new subdivision. This change is necessary in order to properly cite the subdivision of 37.01 dealing with governmental records.

SECTION 2. Amends Section 32.46 of the Penal Code, by creating an offense for causing or inducing a public servant to record a fraudulent court document and expands the scope of the section to include as a penal offense causing or inducing a public servant to file or record any judicial process of a legal court, judicial entity or judicial officer created under the laws of this state or of the United States. An offense under the amendment is a state jail felony. The

definition of "deception" in this section has the meaning assigned by Section 31.01 of the Penal Code.

SECTION 3. Chapter 32, Penal Code, which governs the offense of fraud, is amended by adding Section 32.48, which expands the offense of "fraud" to include "simulating legal process." The proposed section provides that a person commits an offense if the person recklessly causes to be delivered to another any document which simulates a summons, complaint, judgment, or other court process. The intent of the document must include: inducing payment of a claim from another person or causing another to submit to the putative authority of the document or causing another to take any action or refrain from taking any action in response to the claim. The fact that the "simulating document" contains a statement that it is not legal process or that it purports to have been issued or authorized by a person who had no lawful authority to issue it is not a defense to the offense. If it is proven that the simulating document is filed with, presented to, or delivered to a clerk or any employee of a clerk of a court created by or established under the constitution or laws of this state or of the United States, there shall be a rebuttable presumption that the simulating document is filed with the intent of violating this section. The first violation of this section is a Class A misdemeanor; a subsequent violation is a state jail felony.

SECTION 4. Amends Chapter 32, Penal Code, by adding Section 32.49. Section 32.49 makes it an offense if a person, with intent to defraud or harm another person, is the owner, holder, or beneficiary of a purported lien or claim asserted against real or personal property that is fraudulent, as defined by Section 51.901(c), Government Code and the owner of the lien refuses to execute a release within 21 days after receiving actual notice or written notice sent by either certified mail, return receipt requested, or by telephonic document transfer to the recipient's current telecopier requesting the execution of a release of the fraudulent lien or claim upon request of the obligor, debtor, or any person who owns the real or personal property or an interest in the real or personal property described in the document or instrument. Subsection (b) is added to provide presumption of intent to defraud or harm another if the person refused to execute a release of lien within 21 days after receipt of actual notice or written notice as provided. An offense under this section is a Class A misdemeanor.

SECTION 5. Amends 37.01, Penal Code, which governs perjury and other falsification of governmental records or statements. Subdivision (1) is added which defines "court record". Subsequent subdivisions are renumbered accordingly. Under the amendment, a "court record" for purposes of Chapter 37 of the Penal Code is a decree, judgment, order, subpoena, minutes, or warrant. "Court record" also includes other documents issued by: a court of this state; another state; the United States; a foreign country recognized by an act of Congress or a treaty or other international convention to which the United States is a party; an Indian tribe recognized by the United States; or any other jurisdiction, territory, or protectorate entitled to the full faith and credit in this state under the United States Constitution. The definition of "governmental record" is expanded to include letter of patent. By adding a definition of "court record" to Section 37.01 of this section, and in conjunction with SECTION 6, the filing of fraudulent court records is an offense under Section 37.10 of the Penal Code, which governs tampering with a governmental record.

SECTION 6. Amends Section 37.10, Penal Code, which governs the offense of tampering with a governmental record. Subsection (d) is amended to include "letter of patent" to the list of governmental records that tampering with constitutes an offense. Subsection (h) is added and provides that an offense under this section also constitutes an offense under Section 32.48 or Section 37.13 and that a person may be prosecuted under any one of these sections.

SECTION 7. Amends Section 37.11, Penal Code, by adding Subdivision (2) to Subsection (a) and by amending Subsection (b). Currently, Section 37.11 of the code makes it an offense to impersonate a public servant with the intent to induce another to submit to his pretended official authority or to rely on his pretended official acts. The proposed addition of Subdivision (a)(2) would expand the offense of impersonating a public servant to include public officers. The expansion of the offense includes exercising by a person of any function of a public officer or

public employee, including judges and courts, if that person does so knowingly and the office of position through which he purports to exercise a governmental function has no lawful existence under the Constitution or laws of the State of Texas or of the United States.

Subsection (b) currently provides that an offense under Section 37.11, Penal Code, is a Class A misdemeanor unless the person impersonated a peace officer, in which event the offense is a third degree felony. The proposed amendment to Subsection (b) makes an offense under this section a felony of the third degree in all instances.

SECTION 8. Amends Chapter 37, Penal Code, by adding Section 37.13. Section 37.13 makes it an offense if a person makes, presents, or uses any document or other record with the knowledge that the document or other record is not a record of a court created under or established by the constitution or laws of this state or of the United States and the person intends that the record be given the same legal effect as a lawfully constituted court. An offense under this section is a Class A misdemeanor unless convicted under this section on two or more occasions then it is a felony of the third degree. An offense under this section also constitutes an offense under Sections 32.48 or 37.10 which allows an election of prosecutors to choose for prosecution of strongest cases.

SECTION 9. Amends Section 71.02(a), Penal Code, by amending Subdivisions (9) and (10) and by adding Subdivision (11). Chapter 71 of the Penal Code governs organized crime, making it an offense to engage in "organized criminal activity," as defined by the chapter. Section 71.02(a) of the Penal Code currently defines what constitutes engaging in organized criminal activity. The proposed amendment would expand the definition to include any offense under Sections 37.11(a) of the Penal Code, which makes it an offense to impersonate a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts. Thus, a combination of three or more persons impersonating a public servant in violation of Section 37.11, Penal Code, constitutes "organized criminal activity" in violation of Section 71.02 of the code.

SECTION 10. Amends chapter 37 of the Penal Code by adding Section 37.101, which makes it an offense to file a fraudulent financing statement. During the 74th Legislature, Section 9.412 of the Business and Commerce Code was amended by adding Subsection (c), which makes it a criminal offense to file a false financing statement that is forged, that contains a material statement that is false, or that is groundless; the provision also created a private cause of action by behalf of anyone aggrieved by the fraudulent filing. This addition to the Penal Code merely codifies in that code that part of Section 9.412 that creates a criminal offense. The offense for filing a fraudulent financing statement that is forged is a third degree felony, unless the defendant has been convicted two or more occasions, in which event the offense is a second degree felony. The offense for filing a fraudulent financing statement that contains a material statement that is false or that is groundless is a Class A misdemeanor, unless the document is filed with the intent to defraud or harm another, in which event the offense is state jail felony.

SECTION 11. Amends Chapter 1, Code of Criminal Procedure, by adding Article 1.052, which governs signed pleadings by a defendant. Subsection (a) provides that every pleading, motion, or other paper filed by an accused person represented by an attorney must be signed by at least one attorney of record in the attorney's individual name and stating the attorney's address. Subsection (a) further provides that, if an accused person is not represented by an attorney, that accused person must sign any pleading, motion, or other paper filed for or on behalf of the accused person and state the accused person's address.

Subsection (b) provides that the signatures of attorneys or of accused persons and defendants constitute a certificate by the signatories that they have read the pleadings and that, to the best of their knowledge, the instrument is not groundless or brought in bad faith or for harassment on unnecessary delay.

Subsection (c) provides that if the pleading is not signed, the court shall strike it from the record, unless it is promptly signed after the omission is brought to the attention of the person filing the pleading.

Subsection (d) provides that attorneys, accused persons, or defendants who file fictitious pleadings or make statements in pleadings that they know to be groundless or false for purposes of delay or harassment shall be held guilty of contempt.

Subsection (e) provides that if a pleading, motion, or other document is signed in violation of this article, the court shall impose appropriate sanctions on motion or on its own initiative, after notice and hearing. The sanctions may include an order to pay to the other party or parties to the prosecution or to the general revenue fund of the county in which the document was filed the amount of reasonable expenses incurred because of the filing, including reasonable attorney's fees.

Subsection (f) provides that courts shall presume that pleadings, motions, and other documents filed are filed in good faith; no sanctions may be imposed except for good cause state in the sanction order.

Subsection (g) provides that a plea of "not guilty" or "no contest" or "nolo contendere" does not constitute a violation of this article.

Subsection (h) defines "groundless" for purposes of this article to mean without basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law.

SECTION 12. Amends Chapter 13, Code of Criminal Procedure, by adding Article 13.26, creating an offense under Sections 32.48, 32.46, 32.49, and 37.13 of the Penal Code, which makes it an offense to simulate legal process and may be prosecuted either in the county from which the material document was sent or in the county in which it was delivered.

SECTION 13. Amends Section 51.605(c), Government Code, to include a requirement that clerks, district clerks, county clerks, and district and county clerks, who already are required to complete 20 hours of continuing education courses in the performance of their duties, must include at least one hour of continuing education regarding fraudulent court documents and fraudulent document filings.

SECTION 14. Amends Chapter 51, Government Code, by adding Subchapter J. Currently, the clerks of courts are required to accept for filing whatever documents are presented to them; they have no discretion to reject a filing. Section 51.901(a) provides that if the Clerk of the Supreme Court, Clerk of the Court of Criminal Appeals, a Clerk of a Court of Appeals, a district clerk, a county clerk, district and county clerk or a municipal clerk has a reasonable basis to believe in good faith that a document or instrument previously filed or submitted for filing or for filing and recordation is fraudulent, as defined in the section, the clerk shall provide written notice of the filing or submitted filing to the stated or last known address of the person against whom a lien is filed. If the suspected document is a judgment lien, the person against whom the lien is filed shall be notified. If the suspected document is a lien or claim on real or personal property, or an interest therein the person who is the obligor or debtor or who owns the real or personal property or any interest in real or personal property or interest therein that is the subject of a purported lien or claim shall be notified in writing by the clerk.

Subsection 51.901(b) states that the notice required by subsection (a) must be provided within two business days after the date that the document or instrument is submitted for filing or recording. If the document or instrument has been previously filed or recorded, notice must be given not later than the second business day after the date that the clerk becomes aware that the document or instrument may be fraudulent.

Subsection (c) of Section 51.901 defines a fraudulent judgment lien as one judgment that is issued by a purported court or judicial officer that is not created or established by the constitution or laws of this state or of the United States. The subsection further defines a fraudulent lien or claim as one that: (1) is asserted against real or personal property or an interest in real or personal property; (2) is not provided for by specific state or federal statute or constitutional provision; (3) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property or by the implied or express agreement consent, fiduciary, or other representative of that person; (4) is not an equitable, constructive, or other lien imposed by a lawful court with jurisdiction.

Section 51.902 is added which permits the filing of an action on fraudulent judgment liens and sets forth model forms that may be used, both by the plaintiff seeking an order and by a judge issuing an order. Subsection (a) sets forth the suggested form of the verified motion to be filed with the district clerk by a person against whom a purported judgment was rendered. Subsection (b) is added which provides an affidavit to be signed and notarized, swearing to the truth of the allegations. Subsection (c) permits a district judge having jurisdiction over real property matters in the county in which the subject document was filed to review solely the documents in contention in an ex parte proceeding without notice to any party and without hearing evidence. The court's ruling is unappealable if it is substantially similar to the form suggested in Subsection (g). Subsection (d) prohibits a district clerk from collecting a fee for filing the motion. Subsection (e) provides that the ruling must be filed and indexed in the same class of records in which the subject document was originally indexed. Subsection (f) prohibits a county clerk from collecting a fee for filing the judge's finding of fact and conclusion of law under this section. Subsection (g) sets forth a suggested model form of the findings of fact and conclusion of law to be issued by the judge.

Section 51.903 permits a person who is the purported debtor or obligor or who owns real or personal property or an interest in real or personal property and who has reason to believe that the document purporting to create a non-judicial lien or a claim against the real or personal property is fraudulent to file a motion seeking judicial review of the document in a judicial review process substantially similar to that set out in Section 51.902. Like Section 51.902, Section 51.903 sets forth suggested model forms for the motion to be filed by a plaintiff and the ruling to be issued by a judge having proper jurisdiction, verified and reviewing only the documents in contention and without hearing evidence. Any appeal under this section shall be expedited by the appellate courts.

Section 51.904 provides that a clerk shall post a sign, in letters at least one inch in height, in or near the clerk's office stating that it is a crime to knowingly and intentionally file a fraudulent court record or instrument with the clerk.

Section 51.905(a) authorizes a person to file certified copies a judicial finding of fact and conclusion of law authorized by this section with the secretary of state to be filed in the records of the same class. Subsection (b) authorizes the secretary of state to charge a filing fee of $15 for filing such a document.

SECTION 15. Amends Section 12.013, Property Code, which currently provides that a judgment or an abstract of judgment may be recorded if the judgment is attested under the signature and seal of the clerk of the court that rendered the judgment. Under the proposed amendment, the phrase "judgment of a court of this state" is qualified by the phrase "expressly created or established under the Constitution or the laws of this State or of the United States", courts of a foreign country recognized by congressional act, treaty, or international agreement of the United States, or other jurisdiction entitled to the full faith and credit of the United States, thereby ensuring that only judgments and abstracts of judgments of authentic courts may be filed.

SECTION 16. Amends Subtitle A, Title 2, Civil Practice and Remedies Code, by adding Chapter 11, which permits the filing of an injunction and creates a private cause of action against a person who files a fraudulent court document or fraudulent lien or claim. An action under this chapter

may be brought by an attorney representing the state or municipality a person who is the debtor or obligor or who owns the real or personal property or the interest in real or personal property that is encumbered by the fraudulent lien or claim. Liability attaches to individuals who file liens knowing that they are fraudulent with intent to give the same effect as a recognized valid lien with intent to cause physical injury, financial injury and injury or mental anguish or emotional distress. An action under this section may be brought in any district court in the county where the recorded document was filed or is where the real property is located.

A filing fee for an action brought is $15 to be paid to the Clerk of the Court. No other additional fees or costs may be charged except for service of notice for which a $20 fee for personal service shall be levied and the cost of postage if by registered or certified mail. If unable to pay the fee, the plaintiff can file a pauper's oath under TRCP. If the plaintiff prevails and the fees imposed are less than similar filings, the court may order the defendant to pay the difference. In addition, the chapter provides for criminal remedies. Liability is limited to the greater of $10,000 or the actual damages caused by the violation, in addition to court costs and reasonable attorney's fees. Additionally, a court may impose punitive damages.

SECTION 17. Repeals Section 9.412(c) of the Business and Commerce Code.

SECTION 18. Provides that an action for an order brought under Subchapter J, Chapter 51, Government Code, may be brought without regard to whether the document was filed before, on, or after the effective date of this Act.

SECTION 19. Requires clerks to complete one hour of continuing education regarding fraudulent court documents before September 1, 1998.

SECTION 20. Provides that the change in law made by Section 16 of this Act applies only to a cause of action that accrues on or after the effective date of this Act.

SECTION 21. Provides that the effective date with regard to criminal opposes applies may after the effective date of this Act. By offense or element of offense accruing before the effective date of this Act is covered by former law.

SECTION 22. EMERGENCY CLAUSE.

COMPARISON OF ORIGINAL TO SUBSTITUTE

Except for the following sections in which substantive differences occur, the substitute is substantively identical to the original:

(1) SECTION 1 amends Penal Code, Section 32.21 (e) and (f), by deleting "37.01(1)(C)" and replacing with "37.01(2)(C)". This is a new provision and all subsequent sections are renumbered throughout the bill.

(2) SECTION 3 amends Chapter 32, Penal Code by adding Section 32.48 and adds language in subsection (a)"causes to be delivered" in the explanation of simulating legal process. Subsection (a)(1) is changed by adding "from another person".

(3) SECTION 4 is changed by amending the title of the section to "Refusal to Execute Release of Fraudulent Lien or Claim". Section 4 also includes new language creating a process whereby a person against whom a fraudulent lien or claim has been filed and ruled invalid may request that the lien holder execute a release of said lien. Should the lien holder fail to execute a release of the purported lien or claim within twenty-one days after receipt of actual or written notice, intent to harm or defraud another is presumed. An offense under this newly created section of the Penal Code is a Class A misdemeanor.

(4) SECTION 5 includes the term "minutes" in the definition of "court record".

(5) SECTION 7 amends Section 37.11, Penal Code and the language "knowingly purports to exercise" is added in subsection (a)(2).

(6) SECTION 8 adds section 37.13 to the Penal Code. The title of this section has been changed from "FRAUDULENT COURT RECORDS" to "RECORD OF A FRAUDULENT COURT" to better reflect the changes therein. Additionally, the phrase "genuine court record" has been deleted and the phrase "record of a court created under or established by the constitution or laws of this state or of the United States" has been added. The penalty for violation of this section has also increased from a Class B to a Class A misdemeanor and a third degree felony for subsequent offenses.

(7) SECTION 14 includes new language in Section 51.901, Subsection (a), by adding "has a reasonable basis to believe in good faith" to the provision regarding the clerks' suspicion of fraudulent documents or instruments.

Subsection (a)(2) is changed by adding "personal" property along with real property which was contained in the original version.

Subsection (b)(2) is changed by deleting "is" and adding "may be" to clarify language.

Subsection (2)(B) is changed by adding "or agreement" to provision regarding whether a document or instrument purports to create a lien or claim. Also, Subsection (2)(B) is amended by deleting "by the originally signed and attested or acknowledged signature".

Affidavit forms are also added to Section 51.902 and Section 51.903 which provides for a sworn statement.

Section 51.903, Subsection (c) is amended by adding "An appellate court shall expedite review of a court's finding under this section."

Section 51.902 is changed by adding paragraph IV as follows:
IV.
Movant further attests that the assertions contained herein are true and correct.

Section 51.902 is also changed by adding paragraphs IV and V as follows:
IV.
Movant attests that assertions herein are true and correct.
V.
Movant does not request the court to make a finding as to any underlying claim of the parties involved and acknowledges that this motion does not seek to invalidate a legitimate lien. Movant further acknowledges that movant may be subject to sanctions, as provided by Chapter 10, Civil Practice and Remedies Code, if this motion is determined to be frivolous.

(8) SECTION 19 is changed by adding a requirement for clerks to complete one hour of continuing education regarding fraudulent court documents before September 1, 1998.